## GULLEDGE VS. PREDDY.

1. MECHANIC'S LIEN: *Homestead exemption.*
   A homestead was not exempt under the Constitution of 1868, from the mechanic's lien for the value of lumber furnished by the manufacturer from his saw mill, for the improvement of the homestead.

APPEAL from *Drew* Circuit Court.
Hon. THEODORIC F. SORRELLS, Circuit Judge.
*McCain,* for appellant.

ENGLISH, CH. J.:

Thomas W. Gulledge was the owner of a saw mill and manufacturer of lumber.

Charles W. Preddy was the owner of a block of ground in Monticello, had a dwelling thereon, and resided there with his family. It was his homestead. In the summer of 1874, he made a contract with Gulledge to furnish him lumber from his saw mill to make an addition to his dwelling house. The lumber was accordingly furnished during the summer and fall, from the mill, to the value of $115.80, and used, by a carpenter employed by Preddy, to build an addition to his dwelling house.

Gulledge filed an account in the office of the Clerk of the Circuit Court of Drew County, and brought this suit, under the mechanic's lien law, to enforce a lien upon the dwelling and block on which it was situated, for the lumber bill.

He brought himself clearly within the provisions of the mechanic's lien law (Gantt's Digest, secs. 4056 to 4078, p. 737, etc.,) but Preddy relied for defense upon the exemption clauses of the Constitution of 1868 relating to homesteads.

On the trial there was no controversy about the material facts, above stated, and the jury, under the direction of the court, returned a verdict in favor of the plaintiff for the amount of his

28

lumber bill, and the court took under advisement, until the next term, the question of law whether a judgment should be rendered upon the verdict, condemning the property to be sold to satisfy the debt.

At the next term the court held that the defendant was entitled to the benefit of the homestead exemption, and rendered a personal judgment against him upon the verdict, refusing to render any judgment *in rem*.

The plaintiff took a bill of exceptions, setting out the facts, and appealed.

By sec. 2, art. xii, Constitution of 1868, the homestead could not be incumbered except for taxes, laborer's and mechanic's liens and securities for the purchase money.

By sec. 3, the homestead was not exempt from sale on execution, etc., for the payment of taxes, for the payment of obligations contracted for the purchase of the premises, for the erection of improvements thereon, or for labor performed for the owner thereof, in improving the property.

The two sections must be construed together. *Greenwood & Son* v. *Maddox & Toms*, 27 Ark., 648; *Parham* v. *McMurry, MS.*

"Mechanic (from the Latin *mechanicus*), one who works with machines or instruments; a workman or laborer other than agricultural; an artisan; an artificer; one skilled or employed in shaping and uniting materials, as wood, metal, etc., into any kind of structure, machine or other object, requiring the use of tools or instruments."— *Webster.*

Appellant appears to have been a mechanic. He had a saw mill and manufactured lumber. He worked with a machine and shaped materials of wood for building, etc. He was not, it seems, a mere speculator—buyer and seller of lumber. He furnished from his saw mill lumber to erect an addition to appellee's dwelling on his homestead block, under a contract with him,

and a carpenter employed by appellee, constructed the building—the improvement—of the lumber.

If the carpenter, who was also a mechanic, had furnished the lumber of which the building was fashioned, he would have had a lien as against the homestead exemption for the value of the lumber as well as for the price of his skill. Why should not appellant, who was a mechanic, and whose machinery, skill and labor supplied the lumber for the house, have a lien for its value as well as the other mechanic who put the lumber into the building? Both of them contributed to the improvement of the homestead estate.

The framers of the Constitution, while they intended to protect the home of the family, were not unmindful of the meritorious claims of the mechanic and laborer, to whom the head of the family may be indebted for the very improvements that render the home comfortable and convenient.

The court below erred in refusing to render a judgment *in rem* as well as *in personam* upon the verdict of the jury.

The ruling of the court in the matter complained of on this appeal must be reversed, and the cause remanded with instructions to the court to render a judgment condemning the property to be sold for the satisfaction of the debt, etc., leaving the judgment *in personam* to stand.