WAITE *v.* FRANCIOLA.

(*Jackson.* April 25, 1891.)

1. EXEMPTIONS. *Of thirty dollars of mechanic's wages.*

The exemption from execution of "thirty dollars of the wages of mechanics or other laboring men" protects wages, within said amount, due at date of service of the particular garnishment, although the Court may have allowed the debtor other exemptions of wages within thirty days, aggregating more than thirty dollars, upon other garnishments in the same case. The exemption is carved out of wages due at date of service of the particular garnishment, not out of wages due for one month or any other particular period.

Act construed: Acts 1870–71, Ch. 71 (Code, §2931 (M. & V.).

2. SAME. *Same. House and sign painter is a mechanic.*

A house and sign painter is a mechanic within the meaning of the statute exempting from execution "thirty dollars of the wages of mechanics or other laboring men," and entitled to the exemption.

Act construed: Acts 1870–71, Ch. 71 (Code, §2931 (M. & V.).

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

R. G. BROWN and BOLTON SMITH for Waite.

LUKE W. FINLAY for Franciola.

LURTON, J.    Franciola is a creditor of Herman
Waite by judgment.    Execution issued thereon from
a Justice of the Peace on the fourth of April,
1890.    On same day the officer having this exe-
cution summoned Hook & Lagril, employers of said
Waite, to appear before the Justice on the fifth
of April and answer as garnishees.    On this answer
of these garnishees there was judgment for a small
sum, insufficient to satisfy the execution.    On the
eighteenth of April, and by virtue of same execu-
tion, another garnishment notice was served on
Hook & Lagril, requiring them to appear and
answer as garnishees on the nineteenth of April.
The garnishees answered that they owed $19.60 for
labor to the execution debtor.    Judgment was ren-
dered in favor of the garnishees, reciting that the
defendant, Waite, claimed the money due him as
exempt.    On the second of May a third garnish-
ment notice was served upon Hook & Lagril to
answer on the third of May.    They answered that
they owed Waite $10.    Again judgment was ren-
dered in favor of the garnishees, upon the ground
that Waite claimed and was entitled to this money
as exempt wages.    An alias execution issued on
the ninth of May, and the same day Hook &
Lagril were a fourth time summoned to answer as
garnishees.    They answered that they owed him
$14.30, being his wages as a painter in their em-
ploy.    Thereupon the Justice rendered judgment

against the garnishees, reciting that he "had already allowed said Waite the sum of thirty dollars exemption claimed by him within the thirty days or one month." From this judgment Herman Waite, the execution debtor, appealed.

Upon the record from the Justice, including .the several former garnishment proceedings above recited, and upon an additional statement by Lagril concerning the avocation of said Waite, but not in any way affecting the facts upon which the Magistrate's judgment rested, the judgment of the Justice was affirmed. From this judgment Herman Waite has appealed. The judgment is erroneous. The facts show that Waite was a sign and house painter in the employ of Hook & Lagril at three dollars and fifty cents per day, payable weekly. He was therefore a mechanic within the meaning of the · exemption law, and it sufficiently appears that he claimed the exemption.

The Act of 1870–71, Ch. 71, Sec. 1, found in compilation of Milliken & Vertrees at § 2931, exempts from execution "thirty dollars of the wages of mechanics or other laboring men, provided that the lien created by service of garnishment shall only affect that portion of a laborer's wages that may be due at the time service is made, and not any future wages." The meaning is plain. "If the sum due at date of service of garnishment is less than thirty dollars, then it is exempt regardless of any exemptions theretofore obtained by the debtor. There is no authority for the con-

struction limiting the exemption to thirty dollars out of the wages of one month or any other particular time.

Reverse the judgment. Judgment here in favor of garnishee. Costs of this Court and of the Circuit Court and of the Magistrate, in so far as they grew out of this garnishment, will be paid by Franciola.