THE AMAZON IRRIGATING COMPANY v. J. V. BRIESEN.

1. CONTRACT—*Evidence.* Where the evidence shows the making of a contract by a civil engineer with an irrigating company, a corporation, to perform work as an engineer in and about the construction of an irrigating canal, the engineer to receive $100 per month as compensation, and the performance of work under such contract and the length of time worked, and the nonpayment of the contract-price, and the jury has returned a verdict thereon in favor of the plaintiff for the amount proven, and the court has rendered a judgment thereon in accordance with the verdict, *held,* that the evidence was sufficient to support the verdict and warranted the rendition of the judgment thereon.

2. ———— *Petition—Allegation of Authority—Evidence.* Where the petition alleges the making of a contract by a plaintiff on his own behalf and a corporation by P., its vice-president and superintendent, who was at the time superintending the construction of an irrigating canal for the corporation, and the corporation does not deny, under oath, the authority of P., the vice-president and superintendent, to make such contract, the authority is admitted, and it does not require evidence to prove the authority of the vice-president and superintendent to bind the corporation, and the conversation and statements between the plaintiff and P. during the time of making the contract and in the performance of work under such contract are competent evidence.

3. IRRIGATING CANAL—*Evidence of Authority.* Where the evidence shows that J. was present, giving directions and instructions in the construction of an irrigating canal, and so continued in the superintendency with P., the vice-president and superintendent, for a period of about four months, and was permitted by said corporation to appear and give directions and instructions, and there was no objection at any time to his giving directions, and no objection was made at any time by the corporation when his directions were followed, but they were, from time to time, approved by the officers of the corporation, and J. furnished all the funds to pay the parties engaged in and about the construction of such canal, *held,* that the statements of J., made while giving instructions upon the work as it progressed, were competent evidence against the corporation without first proving that J. was the officer of the corporation.

4. ———— *Civil Engineer—Lien for Services.* A civil engineer who makes field-notes, maps, charts and drawings while employed

by a corporation in and about the construction of an irrigating canal, on books and papers furnished by the corporation, is entitled to a lien on such field-notes, maps, charts and drawings, and has a right to retain possession of the same until he shall be paid for making the same.

MEMORANDUM.— Error from Finney district court; A. J. ABBOTT, judge.   Action on contract for services performed by J. V. Briesen against The Amazon Irrigating Company.   Judgment for plaintiff for $370.40. The defendant brings the case to this court.   Affirmed. The opinion was filed October 9, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows :

This suit was commenced by J. V. Briesen against The Amazon Irrigating Company, a corporation, in the district court of Finney county.   The plaintiff alleged as his first cause of action that, on the 3d day of February, 1888, he entered the employ of The Amazon Irrigating Company as a civil engineer, in the construction of an irrigating canal or ditch running through Finney and several other counties in the state of Kansas ; that he continued to work for said company until the 22d day of May, 1888 ; that said company agreed and contracted with him at the time he entered into its employ that his compensation should be $100 per month and all of his expenses and all necessary supplies to carry on said work, and that there was still due him for his services under his said contract the sum of $321, with 7 per cent. per annum from the 22d day of May, 1888.   Before answer, plaintiff filed an amended petition setting up the facts more fully than in his original petition, attaching a statement of the account between himself and the company, showing the time he worked, the amount he had received, and the balance due him.

To the petition and amended petition the company made answer, containing four separate counts. The first was a general denial of all matters except such as were thereinafter admitted. The second alleged that plaintiff did undertake to do certain surveying and engineering work for the defendant in and about the construction of its canal that it was then constructing, and that he promised and agreed that such work to be done by him included the making and furnishing to defendant of certain field-notes, drawings and plats; that the entire value of the plaintiff's work to defendant depended upon the making and furnishing to the defendant the said field-notes, plats and drawings; that plaintiff refused to deliver such field-notes, plats and drawings to defendant, or to allow defendant to inspect the same; that by reason thereof all of the plaintiff's services in behalf of defendant became of no value to defendant. The third count alleged that while plaintiff was engaged in the service of defendant he made certain field-notes, drawings and plats in books and upon material belonging to and furnished by defendant, and were so made by instruments furnished by defendant; that said field-notes, plats and drawings were the property of and belonged to the defendant; that the plaintiff, on quitting the service of the defendant, possessed himself and retained possession of said field-notes, plats and drawings, and refused to deliver the same to defendant; that plaintiff quit the service of the defendant voluntarily and without any just cause or reason, and in violation of his agreement to remain in the service of the defendant until the surveying and engineering work in connection with the canal or ditch should be completed; and that by reason of the failure to turn over the field-notes, plats and drawings, and by quitting the work

before completed, defendant was damaged $200. The fourth paragraph of the answer alleged that, at the time plaintiff quit the service of the defendant, he had in his possession certain surveying instruments, the property of defendant; that he wrongfully took and carried away said instruments, which were of the value of $300, and demanded judgment against the plaintiff for the sum of $325.

The reply of the plaintiff to the answer of defendant alleged that it is not true as alleged in said answer that the entire value of plaintiff's work for defendant depended upon making and furnishing defendant field-notes, plats and drawings; that it is not true that plaintiff refused to deliver certain field-notes, drawings and plats made by him to the defendant, but that plaintiff offered to deliver the same to defendant upon payment to him by defendant of the amount that was then due and owing to him; that it is not true that the plaintiff's services for any reason became of no value to defendant or that the defendant was in any way inconvenienced by any act of the plaintiff with regard to said field-notes, plats, or drawings; that it was wholly the fault of the defendant in not paying him for his services; that it is not true that the field-notes, plats and drawings were the property of or belonged to the defendant, but, on the contrary, they were the property of the plaintiff until such time as the defendant should pay the plaintiff for his services; that it is not true that plaintiff quit the service of the defendant without notice or just cause or reason, or in violation of his agreement, but that on the 22d day of May, 1888, defendant suspended work upon said canal or ditch, and at that time notified plaintiff that it would have no further work for him until some uncertain time in the future,

and for this reason alone the plaintiff quit the employ of the defendant and was compelled to seek employment elsewhere; that it is not true that plaintiff took and carried away instruments belonging to defendant.

Upon these pleadings the case was tried before the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff. The jury also made special findings of fact. The defendant filed a motion for a new trial, setting up three grounds:

"(1) Irregularity in the proceedings of the court and jury and plaintiff, by which defendant was prevented from having a fair trial; (2) because the verdict is not sustained by sufficient evidence, and is contrary to law; (3) error of law occurring at the trial and excepted to by defendant, specifically and especially in the admission of incompetent, irrelevant and immaterial testimony, and error in giving and refusing instructions to the jury."

*Cook & Gossett*, and *H. F. Mason*, for plaintiff in error.

*John Guthrie*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: The first assignment of error complained of by plaintiff in error is that the evidence was not sufficient to warrant the finding of a verdict and rendition of a judgment against the defendant below.

The petition of the plaintiff below alleges that he entered the employment of the defendant below as a civil engineer to perform the services of an engineer in the construction of a certain canal or ditch through Finney and other counties in the state of Kansas, at an agreed compensation per month; that he remained

in the service of the irrigating company from February 3, 1888, until the 22d day of May, 1888, performing the services of an engineer; that there was due him for his services under his contract the sum of $321, with interest. The answer of the defendant below denies all of the allegations of the petition and the amended petition of the plaintiff below, except such as were thereinafter specifically admitted, and it admits that plaintiff did undertake to do certain surveying and engineering work for defendant, and promised and agreed that such work should include the making an furnishing of certain field-notes, drawings and plats; that plaintiff made said field-notes, drawings and plats, but refused to deliver them to the defendant, and that plaintiff voluntarily quit the service of the defendant without just cause or reason therefor, and in violation of his agreement to remain in the service of the defendant until the surveying and engineering work in the construction of the canal or ditch should be completed, and demands damages by reason of the failure to turn over the field-notes, drawings and plats, and by reason of his quitting the employment of the defendant before the canal or ditch was completed, and also alleges that the defendant furnished certain surveying instruments to the plaintiff and that he carried them away with him when he quit work on the canal, and demands judgment against plaintiff for the value of these instruments.

Plaintiff below for reply to the answer denies specifically all the new matters set up in the answer of the defendant below which are in conflict with his petition and amended petition. These were the issues upon which the trial was had. There was but one single witness examined on the trial, and that was the plaintiff himself. He testified at great length as

to making the agreement to do the engineering work in the construction of the canal or ditch, which was partly constructed when he entered the service of the company, as to the compensation he was to receive and the work done in pursuance of his agreement, the time he commenced, and the time he quit, and that there were no objections shown anywhere as to the manner of doing the work, or that it was not done in accordance with the contract.   We think the evidence proves the issues on the part of the plaintiff below fully, and was sufficient to sustain the verdict of the jury and justify the judgment of the court thereon. The evidence covered several of the matters admitted by the pleadings, which were entirely unnecessary under the pleadings to be proven.   There was no evidence anywhere tending to prove any of the affirmative matters set up in the answer of the defendant below.

The second assignment of error is in the admission in evidence of the conversations between the plaintiff below and U. D. Pickering.   It is alleged, in the amended petition of the plaintiff below, that the contract was made in behalf of himself, and by U. D. Pickering on behalf of the defendant; that at the time of making the contract the said Pickering was vice-president of the irrigating company and superintendent of the building and construction of said canal or ditch, and was acting in that capacity at the time. Section 108, chapter 80, General Statutes of . 1889, reads :

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the

denial of the same be verified by the affidavit of the party, his agent or attorney.''

The allegations of the authority of Pickering were not denied under oath, and hence were admitted by the pleadings. It was not necessary to introduce evidence to prove the authority of Pickering before his statements could be given in evidence. It was also shown by the evidence that the only contract that Briesen had made when he entered the employment of the irrigating company was with Pickering as vice-president of said company ; and the defendant's answer alleges a contract with Briesen, and asks damages for the breach of it.

It is also contended that the court erred in the admission in evidence of certain conversations between Briesen and Jones, for the reason that it was not shown that Jones was an agent or officer of the irrigating company, or had any authority to represent it, and his statements were incompetent, irrelevant, and immaterial. It is shown from the evidence that Jones was acting in conjunction with Pickering in the superintendency of the construction of the canal for the company ; that both Pickering and Jones were giving directions in and about the work ; that one Cook was a contractor doing the work of excavating and making fills in the construction of the canal, and Pickering and Jones were giving the engineers and others engaged in the work directions as to the location of the general route of the canal. And it also appears that Jones was the person who provided the funds to pay the expenses and to pay the employees ; that there was no time during the progress of the work that there was any objection to the instructions given by Jones ; that he was on the work every week, and he was the one whose instructions were generally fol-

lowed ; and he was permitted for about four months to appear as one of the officers and one of the superintendents of the work without any objection whatever, he being on the work almost continually, and the directions given by him were entirely satisfactory to the company. We think the evidence sufficiently shows that Jones had authority to represent the company and to act in conjunction with Pickering in its supervision, and that his statements and directions in the premises while the work was in progress were such as to bind the corporation. There never has been any disapproval of the manner in which the work was done, but, on the contrary, the whole work of the plaintiff has been approved, and the corporation says, in its answer to the petition and amended petition, that the plaintiff below quit work voluntarily, to the damage of the company. But, if there has been no evidence tending to show that Jones had authority to represent the company, then there would have been no prejudicial error in the admission of his statements. In the evidence given containing his statements he stated nothing about the making of the contract, or the compensation to be paid for the same, or the length of time the plaintiff below had worked, nor anything about any material fact in the case, and the company was in no manner prejudiced by any of the statements testified to as having been made by Jones.

It is contended by plaintiff that the court erred in giving instruction No. 5, as follows :

" 5. You are instructed that if you find from the evidence that the blank books, papers, maps, charts and profiles were furnished to the said plaintiff by the defendant company, and that he, the said plaintiff, by his labor, art, and skill, placed therein and thereon field-notes, tracings, profiles and maps which were

and are valuable to said defendant, and that defend-
ant had not paid him for such services, that he is
then entitled to a lien on said property until he has
received his pay.''

The defendant below in substance averred that the
work to be done by plaintiff included the execution of
maps, field-notes and drawings, which plaintiff offered
to turn over to the defendant below upon defendant
paying plaintiff what defendant was owing him ; that
the defendant below refused to do so, and, for that
reason alone the drawings, field-notes and maps were
not delivered to the defendant below ; that he was
then, and now is, and always had been, ready and
willing to turn over the same to the defendant upon
payment for his services ; that the drawings, field-
notes and maps did not belong to defendant until
plaintiff should be paid for his services.   The defend-
ant below in its answer, among other matters, in sub-
stance avers that plaintiff did undertake to do certain
surveying and engineering work ; that such work so
required to be done by plaintiff included the making
and furnishing to defendant certain field-notes, draw-
ings and plats ;  that the entire value of plaintiff's
work for defendant depended upon making and fur-
nishing to defendant the field-notes, plats and draw-
ings.   The reply of the plaintiff below, among other
things, in substance avers that it was not true that
plaintiff refused to deliver the field-notes, drawings
and plats made by him to defendant, but that plaintiff
offered to deliver the same to the defendant on pay-
ment for his services.

Section 1, chapter 58 of General Statutes of 1889,
reads :

'' Whenever any person shall entrust to any me-
chanic, artisan or tradesman materials to construct,

alter or repair any article of value, or any article of value to be altered or repaired, such mechanic, artisan or tradesman shall have a lien on such article."

It is contended by plaintiff in his brief that a civil engineer, employed by the month, is not entitled to any lien upon instruments produced by his labor; that the very fact that the employment, if any, was upon the salary to be paid indefinitely, or monthly, is inconsistent with the claim of lien under ¶ 3663 of the General Statutes of 1889, relating to mechanics, artisans and tradesmen doing job- or piece-work and not to salaried employees.

We do not think that it makes any difference whether the engineer be employed by the month, the day, or whether he be only employed to make the field-notes, drawings and plats. He is entitled to his lien until he has been paid for the making of the same; and, where he has not delivered over the possession to the adverse party, is entitled to retain possession of the field-notes, maps and drawings until he has received his compensation for making the same.

It is insisted that the court erred in allowing the pleadings to be taken to the jury-room. The court in instructing the jury gave them very fully and completely the issues stated in the pleadings and what was claimed by each, stating to them that the plaintiff alleged that he entered into a contract with The Amazon Irrigating Company, through its authorized agent, to work for it as a civil engineer at $100 per month, the amount due him under his contract for work and labor performed over and above all set-offs or counterclaims — the sum of $321.66, with 7 per cent. from May 22, 1888; that he also claimed a lien on certain books and papers in his possession containing maps, profiles and field-notes made by him while act-

ing as such civil engineer ; that said books, maps and profiles had been furnished to him in blank by said company for the purpose for which they were used ; that it was claimed by the company that the work done by plaintiff was of little value to it, except by and through the maps, charts, profiles and field-notes, and that unless the company can have them it does not owe the plaintiff anything.    The defendant below could not have been prejudiced by allowing the pleadings to go to the jury-room for references for dates after having the issues fully stated by the court.

In the case of *Myer v. Moon*, 45 Kas. 580, Mr. Justice JOHNSTON, delivering the opinion of the court, says :

"In charging the jury, the court, instead of reciting at length the contract alleged to have been violated, and the misrepresentation alleged to have been made, referred the jury to the petition, and indicated those portions of the petition where the contract and misrepresentations might be found by pencil-marks, and permitted the jury to take the petition to the jury-room with them.    The practice of referring the jury to the pleadings in order to determine in whole or in part the issues of the case is not to be commended. It is the province of the court to determine the issues and state them to the jury, and not leave them to ascertain the effect of the pleadings or the issues which they present.    In this case, however, the issues were stated by the court, and the jury were only referred to the petition to ascertain the terms of the contract, which were not disputed, and the misrepresentations which it was alleged had been made by Myer.    The construction of the pleadings or the determination of what the issues were were not left to the jury, and no prejudice could have resulted from the action of the court."

There being no error in the record, the judgment of the district court is affirmed.

All the Judges concurring.