THOMAS BAKER, Appellant, v. HUGH MAXWELL, Appellee.

EXEMPTIONS: Portable Saw Mill—"Mechanic." The operator of a portable saw mill is a "mechanic;" and, if he be the owner of such mill, and employs it in an occupational way by means of his own labor and the labor of the dependent members of his family, of which he is the head, and is a resident of this state, then such mill, irrespective of its size, value, or necessity, is exempt from execution, both as a proper "tool" and as a proper "instrument" of his occupation. (Sec. 4008, Code, 1897.)

*Appeal from Plymouth District Court.*—W. D. BOIES, Judge.

JUNE 27, 1918.

ACTION in replevin to recover the possession of a portable mill used for sawing lumber. There was a directed ver-

dict and judgment for defendant, and the plaintiff appeals. The **material facts are** stated in the opinion.—*Reversed.*

*C. R. Metcalf,* for appellant.

*Hess & Hess,* for appellee.

Weaver, J.—The plaintiff is conceded to be a married man, the head of a family, and, with his family, has been for many years a resident of the state. He has little, if any, property, except that hereinafter mentioned, and, for a **considerable period,** has been employed by others in cutting and converting native trees and logs into lumber. In this work, he owns and makes use of a portable mill, which he operates himself, with such help as is afforded him by his wife and minor son. The power used is steam, and the entire outfit is so designed as to be readily moved from place to place and from farm to farm, as may be desired by those having such work to be done; and its value is about $800. One Rawson, having obtained a judgment against plaintiff, procured the issuance of an execution for its collection, and caused it to be levied upon said property. Plaintiff thereupon served written notice upon the sheriff that he claimed the property to be exempt from seizure on execution, and demanded that the levy be discharged. The demand was refused, and plaintiff then brought this action to recover the possession.

The defendant denied the alleged exempt character of the property, and, on trial of this issue to a jury, the court directed a verdict for the defendant, and the plaintiff appeals.

There appears to be no material fact on which there is any occasion for the consideration of the jury, and the arguments in this court are very properly directed to the legal **proposition** whether, under the undisputed facts, the trial court properly directed a verdict for the defendant.

Our general exemption law is found in Code Section

4008, and that portion of it which has more particular bearing upon this controversy is the clause which provides that a resident head of a family, if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher, or professor, may hold exempt from execution the proper tools, instruments, and books pertaining to his occupation, and, if a physician, public officer, farmer, teamster, or other laborer, may also hold exempt the team and vehicle with which he habitually earns his living. In support of the ruling below, the appellee relies upon two propositions: First, that plaintiff is neither farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher, nor professor, and therefore is not entitled to any exemption for the tools, instruments, or implements suitable to his employment or business, but is a common laborer, for whom there is no exemption except a team and vehicle, if he employs such aids in earning his living; and second, that, if it should be held that plaintiff is a mechanic, within the meaning of the statute, the portable mill is not a tool, instrument, or implement of his employment, which the law exempts.

Without at all conceding the correctness of appellee's contention that one who is a laborer, as distinguished from a mechanic, is entitled to no exemption from execution for the tools and implements suitable for his employment, our views upon the other proposition are such as to render unnecessary any discussion of that question.

It is the plaintiff's theory that, under a fair and liberal construction of the term used in the Code Section above cited, he may be classed as a mechanic; and to the question thus raised we give our first attention.

Cases may be found in which the term "mechanic" is limited to a skilled workman, employed in shaping materials such as wood, metal, or stone into some kind of a structure or machine or other object requiring the use of tools; but the prevailing tendency of modern courts, including this

court, is to broaden and enlarge the scope of the word; and this is especially true in construing and applying exemption laws. For example, in *Smith & Funk v. Osburn*, 53 Iowa 474, the question arose upon a claim of exemption for a printing press, type, and other materials used in the printing business. At that time, the statute which specifically exempts such property had not been enacted, and the claim of exemption was based on the theory that the printer was a mechanic, and that the presses and other property seized were the tools and implements of his trade. We sustained that claim, and exempted his property as the tools of a mechanic, and we defined the word "mechanic" as being applied to "one who works with machines or instruments," etc.; and, in our judgment, if the owner of and user of a printing office outfit may be classed as a mechanic, and a complicated and expensive piece of machinery like a newspaper press and equipment may be exempted as a proper tool or implement of his employment, there ought to be no hesitation in admitting a lumber sawyer and his portable mill to the same class. That very question was considered in *Gulledge v. Preddy*, 32 Ark. 433, and the owner and operator of a sawmill was there classed as a mechanic. As further illustrating the liberality of the courts in defining these terms and applying exemption laws, the word "mechanic" has been held to include a dentist (*Maxon v. Perrott*, 17 Mich. 332); a civil engineer (*Amazon Irrigating Co. v. Brieson*, 1 Kan. App. 758); a painter (*Waite v. Franciola*, 90 Tenn. 191); a barber (*State v. Dielenschneider*, 44 La. Ann. 1116, *State v. Hirn*, 46 La. Ann. 1443, *Terry v. McDaniel*, 103 Tenn. 415). It must require some degree of knowledge, skill, and training to operate a sawmill, even a small, portable affair; and we entertain no doubt, under the law as heretofore recognized by this court, as well as by other courts, that the plaintiff may be classed as a mechanic,

and is entitled to be so considered in applying the exemption statute.

Assuming, then, that the plaintiff is a mechanic, within the terms of this law, we have further to inquire whether the mill which he uses is a proper tool or implement of his occupation. Both upon principle and precedent, this must be answered in the affirmative. Appellee points us to cases where the word "tool" has been held to mean only small implements, which may be held in the hand, or are operated by manual force or power alone. Such rule seems to be entirely too narrow and technical; but it is to be noted that our statute exempts, not "tools" alone, but all the debtor's proper "tools, instruments, and books." The word "instruments" is a word of much more general and inclusive import than "tools," and it has been held to include a very wide range of implements, reasonably fitted or employed as means of making their owner's labor in his chosen employment more effective. Nor does the statute require that, in order to be exempt, the tool or instrument shall be shown to be a necessity in such employment: it is enough if it is a "proper" tool or instrument. Any tool or instrument which is reasonably adapted to such use is a proper one. The statute fixes no limit upon the size or value of such instruments. For the farmer, it may properly include a gang plow, a harvester, a traction engine, and any or all of the multitude of modern farm machinery which may be useful or proper; and the fact that it costs hundreds or perhaps thousands of dollars, or is operated by steam, gas, or electricity, or may require an expert to use it successfully, will not expose it to seizure as non-exempt property, so long as it be fit and proper for the farmer's use. A piano may be an exempt tool or instrument, in the hands of a music teacher (*Amend v. Murphy,* 69 Ill. 337) ; a turning lathe, weighing 600 pounds is a tool, within the exemption act (*Smith v. Roads,* 29 Okla. 815) ; a portable saw mill is

classed as an exempt implement in *Eckman v. Poor*, 38 Colo. 200 (87 Pac. 1088) ; a like ruling as to a portable saw mill is sustained in *Reeves & Co. v. Bascue*, 76 Kan. 333; and a logging outfit may be an exempt instrument (*State v. Creech*, 18 Wash. 186). Even where the statute exempts only the tools "necessary for the debtor's usual occupation," it has been said that this does not mean those of absolute necessity in his work, but such as are reasonably necessary for the prosecution of it advantageously and usefully.

"It is by availing himself of new tools, often improved and better adapted to the prosecution of his labor, that improvements are made by the mechanic; and there is no reason why they should not be as much protected on their first introduction as after they have come into general use." *Healy v. Bateman*, 2 R. I. 454.

No one would deny to the worker in concrete and cement an exemption for the time-honored hoe and shovel with which he mixes his materials; and it would be most unreasonable to say that, if the man whom you employ to lay your sidewalk should use a small, modern, revolving mixer, operated by gas or electricity, to do the work of the hoe and the shovel, it may be seized upon execution, simply because it is a new or more complicated or more expensive implement. There is nothing in the statute requiring it, and the courts have no authority, and should have no desire, to impose any such limitation upon the worker's statutory right

We do not overlook the fact that, in *Meyer v. Meyer*, 23 Iowa 359, 375, this court held that a threshing machine, which required six to ten horses and a large force of men to operate it, was not exempt, as a proper tool or implement of a farmer who used it principally to thresh the grain of others than himself. We have no quarrel with the result reached in that case, and concede its authority in cases of the same or similar character; but the class does not include cases like the one at bar. If, in that case, a judgment

debtor had been a thresher by trade and occupation, and, being employed to thresh the grain of others; he laid aside the primitive flail, and used a small power thresher, operated entirely by himself and members of his dependent family, we may safely assume that the machine would have been held exempt, as a proper implement of the debtor's employment.

Without further prolonging this opinion, we have to say that, under the conceded facts, the plaintiff is entitled to be classed as a mechanic, within the meaning and purpose of the statute, and that the portable mill is to be classed as a proper tool or instrument of his employment and occupation. It follows that a verdict should not have been directed for the defendant, and that judgment should have been entered for the plaintiff, upon the agreed statement of facts, for the possession of the property, or for its value, if the possession has not been restored under the writ of replevin.

The cause will be remanded for the entry of judgment in harmony with this opinion.—*Reversed and remanded.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.