CASE 72—PETITION EQUITY—OCTOBER 14.

# Hampton et al. vs. Morris & Rodman et al.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. To bring an assignment, sale, or transfer, or any such instrument, within the operation of the act of March 10, 1856, (*Sess. Acts* 1855–6, *page* 107,) there must be a concurrence of two things; the act must be done (1) in contemplation of insolvency, and (2) with the design to prefer one or more creditors to the exclusion, in whole or in part, of others.

2. An assignment by insolvent debtors composing a firm, conveying all their property to trustees for the payment of their debts, by which all creditors, whether of the firm or of the individuals who composed the firm, were provided for alike, and if the effects assigned were not sufficient to pay all the debts there was to be a *pro rata* distribution, is not within the operation of the statute of 1856, *supra;* and the wards of one of the debtors are not entitled to a preference in the distribution of the individual property of the guardian, or of any of the assets assigned.

B. & J. MONROE, for appellants, cited *sections 2 and 7 of act of March* 10, 1856, *Sess. Acts* 1855–6, *page* 108.

JOHN RODMAN, for appellees, cited *Rev. Stat., page* 340; *Sess. Acts* 1855–6, *page* 106; 7 *B. Mon.,* 610.

Hampton et al. vs. Morris & Rodman et al.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

The act of our General Assembly, approved 10th March, 1856, entitled "An act to prevent fraudulent assignments in trust for creditors, and other fraudulent conveyances," provides in its first section that every sale, mortgage, or assignment which shall be made by debtors in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion in whole or in part of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors, in proportion to the amount of their respective demands, except as is provided afterwards in the act.

By the second section of the act it is enacted that all such transfers as are in the act declared to inure to the benefit of creditors generally, shall be subject to the control of courts of equity, and the property and effects of the debtor made liable to an equitable administration and distribution, upon the petition of any one interested, filed within six months after the recording of such transfer, or the delivery of the property or effects transferred.

The 7th section of the act is in these words, to-wit: "In the distribution of the assets of any debtor, as provided in section two, debts due as guardian, or administrator, or executor, shall have priority."

The proceeding in this case was commenced in the Franklin circuit court in behalf of two infant wards of the appellee, Hampton, alleging that the guardian was indebted to each in the sum of $1,236 50, and that he and a partner in trade had made an assignment and transfer of all of their property to trustees for the payment of their debts, and were insolvent, and sought to secure to the wards the benefit of the preference supposed to be given to them by the 7th section of the act of 1856, in the distribution of the assets of the insolvent debtors.

The first question which the record presents is this, namely: Is the assignment which was made by Morris and Hampton to Rodman and C. D. Morris, for the benefit of the creditors of the assignors, within the provisions of the act of 1856?

The act says that every "sale, mortgage, or assignment which shall be made by debtors *in contemplation of insolvency,*

VOL. 2—43.

AND *with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate,"* &c.

To bring an assignment, sale, or transfer, or any such instrument, within the operation of the act, there must, by the express terms of the statute, be a concurrence of two things, to-wit: the act must be done (1) "in contemplation of insolvency," "and (2) with the design to prefer one or more creditors to the exclusion, in whole or in part, of others." It has been heretofore said by this court, that "a mortgage, unless made in contemplation of insolvency, and also with a design to prefer one or more creditors to the exclusion of others, is not embraced by the act of 1856, *Session Acts*, 1855–6, *p.* 107. (*Terrill vs. Jennings,* 1 *Met.*, 455; *Farnham, Kirkham & Co. vs. Little & Stokes, MS. Op. Summer Term,* 1859.) ·

In this case it is not alleged that the assignment was made by the debtors *with the design of preferring one or more creditors to the exclusion of others.* The reverse of this is in fact alleged. And the assignment, which is exhibited as part of the petition, shows that no such preference was designed. All creditors, whether of the firm of Morris & Hampton, or of the individuals who composed the firm, were provided for alike. If the effects assigned were not sufficient to pay all the debts, there was to be a *pro rata* distribution. Equality was the rule of distribution.

It is perfectly clear that the assignment by Morris and Hampton to Rodman and Morris is not within the operation of the statute of 1855–6. And it follows, as a necessary consequence, that the wards of Hampton, not being entitled to any preference in the distribution of the assets assigned, were not entitled to the relief sought. In fact, the petition shows no cause of action. No ground was stated in the petition which would authorize a court of equity to lay hold of the assets of the insolvent debtors, and administer and appropriate them according to the provisions of the statute. The proceeding was not authorized by the statute relied on.

There is manifest error in the judgment of the circuit court, in so far as it gives a preference to the wards in the distribution of the individual property of their guardian; but as this

error is not to the prejudice of appellants, there can be no reversal upon their appeal.

If the appellees had appealed, they would have been entitled to a reversal; but inasmuch as they do not complain of the judgment, it must stand affirmed.