MAXON v. PERROTT.

## Charles S. Maxon v. Patrick J. Perrott.

*Alias writ of replevin.* Where an *alias* writ of replevin was issued for the remainder of certain goods described in the first writ, and plaintiff recovered judgment: *held,* that, even were the writ invalid, the subsequent proceedings, up to the judgment, must be sustained, as being in accordance with the provisions of the statute; and that the defendant could not complain, since it was the same judgment which would have been rendered had no *alias* writ been issued. *Comp. L.* § *5034.*

*Replevin: Change of possession.* Certain property was seized under attachment; an inventory made, and a portion of the same packed up in a trunk, but left in the office of the owner; some of the goods were also removed, and the key to the office was retained for a time by the officer. In an action of replevin for the same: *held,* that the change of possession was sufficient to justify the writ.

*Dentists' tools: Exemption on execution.* Under the statute—*2 Comp. L.* § *4494*— the tools of a dentist come within the meaning of "mechanical tools," and are therefore exempt from execution upon a judgment for the *purchase price* thereof.

*Heard October 8th.   Decided October. 13th.*

Case made from Bay Circuit.

This was an action of replevin, brought to recover possession of certain dental instruments, which had been levied upon by an execution under a judgment for the purchase price thereof.

Judgment was rendered for plaintiff.

The facts are stated in the opinion.

*T. C. Grier,* for plaintiff.

1. Exemption statutes should be liberally expounded to effect the humane object in view.— *25 Wend. 370; 34 Barb. 364; 10 Mich. 538, 546; 24 Conn. 338.*

The tools of a dentist come within the meaning of "mechanical tools" under the statute, and are therefore exempt from execution— *15 Barb. 568; 27 Id. 505; 29 Id. 388; 3 Abbott's Pr. 466; 3 Abbott's Dig. 31; 17 How. Pr. 80; 4 Conn. 450; 13 Mass. 82; 5 Pick. 80; 10 Id. 424.*

2. It is claimed that the property in question was, at the time it was replevied, so in the possession of the plaintiff

that under the doctrine laid down in *Hickey v. Hinsdale*, *12 Mich. 100*, the plaintiff can not maintain his action. But the Supreme Court decided that case upon a finding that the officer "did not in fact remove the goods from the house, but that he made no release thereof, or of any part of them from said levy, but left the house and property as he found it, still claiming the property by virtue of said levy.

In the case at bar, the displacement of the possession of the goods was complete. The levy was followed by an inventory, a removal of a portion of the goods from the office, the packing up of the remainder in a trunk, and the locking up of the office.

*Isaac Marston*, for defendant.

Under our statute, "the tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things, to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, etc., are exempted from execution.— *2 Comp. L. § 4465, 4494* — except that mechanical tools and implements of husbandry shall not be exempt from any execution issued upon a judgment rendered for the purchase money for the same property.

The property levied upon in this case, were dental tools. They are not exempt from execution.— *7 Abbott's Dig. 297; 9 Iowa, 320; 31 Miss. 2.*

2. The plaintiff in this case can not maintain replevin for any of the property, except the case of dental instruments, because it was in his possession at the time the writ was issued.— *12 Mich. 102; 24 Pick. 25; 2 Greenlf. Ev. § 499*

3. This case of instruments was taken on an *alias* writ of replevin; and as an *alias* writ of replevin can not be issued in this state, we are entitled to a return of that case.

At common law, if the distress were carried out of the county, or concealed, then the sheriff may return that the goods, or beasts are *eloigned,* carried to a distance, to places to him unknown, and thereupon the party replevying shall have a writ of *Capias in Withernam,* etc., which is a command to the sheriff to take other goods of the distrainor, in lieu of the distress formerly taken.— *3 Black. Com. 149.*

COOLEY CH. J.

Maxon brought replevin against Perrott for a case of dental instruments; a tool chest for the purpose of keeping · dental instruments in; a vulcanizer, and the apparatus connected therewith; a dental lathe, and the apparatus used with the same, and many other instruments and conveniences employed by the plaintiff in his business as a dentist, together with the carpet covering the floor in his office. A part of the property only was found by the officer and taken on the writ of replevin, and the defendant then sued out an *alias* writ, under which the remainder was replevied. The defendant pleaded the general issue, and justified his taking of this property from the plaintiff, by virtue of an execution issued on a judgment against the plaintiff in favor of one White, which execution was directed and delivered to the defendant, as sheriff of the County of Bay, for service.

The court below gave judgment for the plaintiff.

Several errors are assigned upon the record.

1. It is insisted that under our statute there is no authority to issue an *alias* writ of replevin, and that consequently the defendant is entitled to a return of the property seized by virtue of that writ. We do not think, however, that this consequence would follow from the premises. The statute— *Comp. L.* § *5017*— provides that, if the property described in the writ of replevin is not found by the officer, the plaintiff may, nevertheless, proceed in the action, and,

by another section, if he shall recover on the whole record, he is to be entitled to a further judgment, that the goods and chattels not found, be replevied and delivered to him without delay — § *5034.*

If, therefore, we concede that the *alias* writ was invalid, we must nevertheless sustain the subsequent proceedings, up to the judgment, as in all respects in accordance with the statute, and the error in the judgment, if any, is one of which the defendant can not complain, since it is the same judgment which would have been rendered had no *alias* writ issued, with the omission of the clause for further replevin, which the plaintiff would have been entitled to had he requested it. We have repeatedly held that we would not reverse a judgment for an error in no particular affecting injuriously the interests of the party complaining.

2. It is claimed that the present action can not be maintained as to the most of the property, for the reason that the plaintiff was in possession of such property at the time the writ of replevin was sued out. The facts upon which this objection is based, are as follows:

The suit in favor of White against the plaintiff, was commenced by writ of attachment, which was served by defendant by seizing the property and making the usual inventory. The property at the time was in the plaintiff's office, and the plaintiff was present. Defendant packed up some of the property in a trunk or chest in the office belonging to the plaintiff, to which there were two keys, one of which was taken by defendant, and the other left with plaintiff. None of the property was removed from the office except the case of dental instruments. The defendant, after completing the attachment, locked up the office and carried away the key, but, within a week thereafter, delivered the key to one of the plaintiff's attorneys, but with the understanding that he should thereby lose no rights acquired by his levy, and he never relinquished his levy, but always insisted upon retaining it. The plaintiff did not again go

into the office until he went with the officer who served the replevin. It appears that the reason of the defendant for delivering the key to plaintiff's attorney, was that he might not be supposed to claim rights in the plaintiff's leasehold interest in the office; upon which he had made no levy of his writ.

We do not think that upon this state of facts the plaintiff is to be considered as having been in possession of the property, or any part of it, at the time the writ of replevin was served. The defendant had for all purposes effectually displaced his possession; and although, after the key to his office was delivered to his attorney, it would have been in his power to enter the office, open the trunk and remove the property left therein, yet it is evident this could not have been done without a violation of good faith, nor if the attachment was valid, without rendering the defendant liable to the officer in trespass. Of the articles in the trunk the plaintiff had no possession, either actual or constructive, and it does not even appear that his retention of a key thereto was with the consent or knowledge of the defendant. The case of *Hickey v. Hinsdale, 12 Mich. 102*, upon which the defendant relies on this branch of the case, differs essentially from the present, inasmuch as in that the officer had not interfered with the property except to make an inventory and appraisal, but had left the possession undisturbed.

3. The main question in the case relates to the case of dental instruments, which the plaintiff claims were exempt from execution, while the defendant insists they were liable to be taken in execution on White's judgment, inasmuch as that judgment is shown to have been rendered for the purchase price of the same instruments.

The question on this branch of the case is one of statutory construction. The statute — *Comp. L.* § *4465, subd. 8* — provides for the exemption from levy and sale under any execution, of "the tools, implements, materials, stock,

apparatus, team, vehicle, horses, harness, or other things, to enable any person to carry on the profession, trade, occupation or business, in which he is wholly or principally engaged, not exceeding in value $250."

In 1849, the legislature passed an act amendatory of this subdivision, the second section of which is as follows:

"The property exempted in the subdivision of which this act is amendatory, excepting mechanical tools and implements of husbandry, shall not be exempt from any execution issued upon a judgment rendered for the purchase money for the same property." — *Comp. L.* § *4494.*

The question which this case presents, is whether the case of dental instruments is covered by the term " mechanical tools" or not; it being clear that, if not, these instruments were subject to the levy of the execution in question.

The counsel for the defendant has argued this question with no little ingenuity and subtlety, and it is certainly not easy to determine precisely what the legislature meant by the words in question. It is quite possible that the legislative design was simply to protect the agricultural and mechanical callings, and that tools necessary in the occupations of other persons were not meant to be exempted, notwithstanding they might properly be designated as mechanical tools.

I do not deem it necessary, however, to enter upon a critical examination of the words employed in the statute, as my brethren are all of the opinion that under any construction which could be reasonably given to the word "mechanical," as here used, the tools of a dentist must be included. A dentist, in one sense, is a professional man, but in another sense his calling is mainly mechanical, and the tools which he employs are used in mechanical operations. Indeed, dentistry was formerly purely mechanical, and instruction in it scarcely went beyond manual dexterity in the use of tools; and a knowledge of the human system generally, and of the diseases which might affect the teeth

and render an operation important, was by no means considered necessary. Of late, however, as the physiology of the human system has become better understood, and the relations of its various parts and their mutual dependence are more clearly recognized, dentistry has made great progress as a science, and its practitioners claim, with much justice, to be classed among the learned professions. It is, nevertheless, true, that the operations of the dentist are still for the most part mechanical, and, so far as tools are employed, they are purely so; and we could not exclude these tools from the exemption which the statute makes, without confining the construction of the statute within limits not justified by the words employed. The ordinary meaning of "mechanical tools," it is plain, will include those in question, and there is nothing in the context which will justify us in saying that the legislative design would exclude them.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.