CASE 53—EQUITY—JANUARY 23.

# Dowd and wife v. Hurley, &c.

### APPEAL FROM BOURBON CIRCUIT COURT.

1. The effect of the declaration of appellee Hurley and his wife, who had been a slave, before the clerk of the Bourbon county court, that they had theretofore cohabited and desired to still live together as husband and wife, was to legalize the customary marriage between persons of color, and not to institute a new marriage.

2. At the time of making the conveyance appellee Hurley was entitled to a homestead in the land conveyed, and it being of less value than $1,000, his creditors are not prejudiced by the conveyance, although it was fraudulent as to them.

IRWIN TAYLOR FOR APPELLANTS.

1. The lien acquired by appellants gave them priority to all others.

2. The act of 1866 in favor of colored persons cannot affect the rights of third parties.

3. The act of March 17, 1876, reviving the negro marriage act, is unconstitutional.

4. Appellees were not housekeepers, with a family, at the institution of this suit. (Ward's adm'r v. Robinson, 1 Bush, 296; Parsons v. Meyburg, 1 Duv., 206; Stewart v. Munchandler. 2 Bush. 278; Carter v. Goodman. 11 Bush, 232; Constitution of Ky., art. 2, sec. 7; Gen. Stat., art. 1, sec. 2; Session Acts, March 17, 1876; Broaddus v.. Broaddus, 10 Bush, 308; Gen. Stat., 247.)

G. C. LOCKHART FOR APPELLEE.

The judgment is based upon authorities, and should be affirmed. (Stewart v. Munchandler, 2 Bush, 278.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellants, having a judgment and return of "no-property" against Reuben Hurley, brought this suit in equity against him and Nancy Hurley to subject to the satisfaction of their debt a house and lot alleged to have been fraudulently conveyed through a third person to the said Nancy.

Dowd and wife v. Hurley, &c.

The suit was filed June 10, 1878, and the property being described in the petition, a *lis pendens* lien was created on it as of that date. (Ward v. Robinson, 1 Bush, 296.)

Reuben and Nancy Hurley are persons of color, and after the service of process on them, they went before the clerk of the county court of Bourbon county, where they resided, and made declaration that they had theretofore lived and cohabited, and were then living and cohabiting as husband and wife, and desired to continue to live together as such. They then filed an answer alleging that they were housekeepers with a family, and claiming the house and lot as a homestead.

The court below adjudged that the deed was fraudulent, but, being of the opinion that Reuben was a housekeeper with a family within the meaning of the homestead law, and it being agreed that the house and lot were not worth one thousand dollars, the petition was dismissed.

If, at the time of making the conveyance, Reuben Hurley was entitled to a homestead, his creditors were not prejudiced by the conveyance, though it was fraudulent in fact. (Knevan v. Specker, 11 Bush, 1.)

Section 2 of an act approved February 14, 1866 (Myers' Supp., page 734), provides that negroes and mulattoes who have heretofore lived and cohabited and do now live and cohabit as husband and wife, shall be taken and held as legally married and their issue as legitimate: *Provided*, They shall appear before the clerk of the county court of the county of their residence, and declare that they have been and desire to continue to live together as husband and wife.

The evidence shows that Reuben and Nancy (Nancy being then a slave) were married twenty or twenty-five years ago, according to the custom then prevailing among that class of

our population, and that they have continued to live together as husband and wife ever since.

The effect of their declaration was to legalize the customary marriage, and not to institute a new marriage between them.   The statute declares that they shall be taken and held as legally married, and that their issue shall be held to be legitimate.   The intention of the legislature was to protect and maintain, as far as possible, the domestic relations of that class of the population of the state, and in effect declared that their former cohabitation, when accompanied by an intention, expressed in the mode indicated in the statute, to continue the relation previously existing between them, should have the same effect as if they had been originally legally married.

We are therefore of the opinion that Reuben Hurley is now to be deemed to have been legally married to Nancy from the time when they first assumed the relation of husband and wife, and, consequently, that at the time he made the deed complained of he was a housekeeper with a family.

Judgment affirmed.

To a petition for rehearing—

JUDGE COFER DELIVERED THE FOLLOWING RESPONSE OF THE COURT.

While there is a prayer for discovery, there was an answer which failed to make such discovery.   No proof was taken to show that the appellee had any property or other thing liable for his debts, and no exception was taken to the answer.   In this state of the record the cause was submitted, and the court finding the homestead to be exempt, and failing to find any evidence upon which relief of any kind could be afforded, had no alternative but to dismiss the petition.