## Mount, et al. v. Fourth Street Bank.

(Decided December 16, 1913).

## Appeal from Daviess Circuit Court.

1. Husband and Wife—Creditor of Husband—Burden of Proof.—Where a creditor of the husband attacks as fraudulent a conveyance made by the husband to the wife, the burden is on the creditor to show the fraud in the transaction.

2. Husband and Wife—Transactions Between Prejudicial to Creditor—How Viewed.—The relations between the husband and wife make it exceedingly difficult to establish that transactions between them were fraudulent or without consideration and the court, in arriving at the truth of the matter, will not be controlled by their positive statements but will look into all the facts and circumstances discovered by the testimony and act accordingly as the truth may appear. The rule of evidence which puts the burden on the creditor will not furnish a shield behind which husband and wife may hide property to which the creditor is entitled if he produces facts and circumstances sufficient to overcome the presumption that the transaction assailed was free from fraud.

3. Homestead—Right to Not Affected by Fraudulent Conveyance.—The fact that the conveyance by the husband to his wife was fraudulent will not defeat their right to a homestead in the land fraudulently conveyed.

.4 Homestead—Right to—Abandonment.—Where the debtor is occupying the land as a homestead at the time it is sought to be subjected, although between the date of its purchase and the institution of the suit to subject it, it was not actually occupied as a homestead, if it appears that their absence was only temporary, the homestead exemption will be saved.

5. Homestead—Allotment of—Authority of Court to Make in Disposing of Exceptions.—Where commissioners have been appointed by the court to allot a homestead, the court, if exceptions are filed to the report of the commissioners, may diminish or increase the allotment upon hearing the evidence introduced on the exceptions.

W. E. AUD, E. B. MASON for appellants.

W. T. ELLIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming on original and cross-appeal.

The appellee bank brought this suit attacking as fraudulent a conveyance made by the appellant, J. A. Mount to his wife, the appellant, N. A. Mount, and seeking to subject the land conveyed to the payment of the

balance due on a judgment it obtained against J. A. Mount in 1909 on a debt created in 1906. The petition charged that the conveyance attacked, which was made subsequent to the creation of the debt sued on, was without consideration and made for the purpose of defrauding the creditors of J. A. Mount.

The answer, after traversing the averments of the petition, set up that the defendants were entitled to a homestead in the land. The lower court adjudged that the defendants were entitled to a homestead but subjected the remainder of the tract to the debt of the bank, and from that judgment the defendants prosecute this appeal, and the bank prosecutes a cross-appeal complaining of the action of the lower court in awarding to the Mounts a homestead.

Preliminary to a discussion of the merits of the case, we may notice the objection raised by counsel for the bank that the lower court committed error to its prejudice in setting aside the allotment of eighteen acres, made by the commissioners appointed to set apart a homestead, and alloting as a homestead twenty-seven acres.

It appears that the court, after determining that the Mounts were entitled to a homestead in the land sought to be subjected, appointed commissioners to allot the homestead. These commissioners reported that in their judgment eighteen acres of land with improvements was sufficient to set apart as a homestead. To this report exceptions were filed, and, after hearing the evidence introduced on the exceptions, the court reached the conclusion that the number of acres set apart by the commissioners was not sufficient and adjudged that there should be set apart twenty-seven acres.

We think the court in cases like this, where commissioners have been appointed to allot a homestead, has the undoubted right, when exceptions are filed to the allotment and evidence heard, to either diminish the quantity of property set aside or increase it, as the facts may seem to him to justify. If the court concludes that the allotment is too small or too large, he is not limited in the action he may take to the practice of sustaining the exceptions and appointing other commissioners to make a new allotment, but may proceed on the evidence heard on the exceptions to make the allotment himself. The action of the commissioners is not conclusive and the court may, after receiving their report, exercise his

own judgment in determining the rights of the parties. The settlement of questions like this is at last merely a question of fact and the report of the commissioners is only intended for the guidance of the court and to aid it in reaching a correct conclusion.

It is further insisted that the Mounts were not entitled to a homestead. We think they were. The land sought to be subjected was bought and paid for before the debt of the bank was created, and the fact that the conveyance by the husband to his wife was fraudulent did not defeat their right to a homestead as against the bank. Down v. Hurley, 78 Ky., 260; Rothwell v. Rothwell, 31 Ky. L. R., 851; Kuevan v. Specker, 11 Bush, 1.

The debtors were occupying the land as a homestead at the time it was sought to be subjected in this action and although for three or four years between the date of purchase and the institution of this suit and at the time when the debt of the bank was created the Mounts were not in the actual occupancy of this land, this circumstance does not affect the homestead right, as during their absence it was under lease, and the evidence shows that their absence was only temporary, there being no permanent abandonment of the premises. Hansford v. Holdam, 14 Bush, 210; Fant v. Talbot, 81 Ky., 23; Carter v. Goodman, 11 Bush, 228; Nichols v. Sennitt, 78 Ky., 630; Hensey v. Hensey, 92 Ky., 164. On the question of fraud in the conveyance we think the lower court reached a correct conclusion.

In Guthrie v. Hill, 138 Ky., 181, and Cogar v. National Bank of Lancaster, 151 Ky., 470, we held that a creditor of the husband who seeks to subject property conveyed by the husband to the wife upon the ground that the conveyance was fraudulent, must allege and prove the fraud as in other like cases; but we think from a careful consideration of the evidence that this conveyance was fraudulent, at least in the sense that it was without consideration. The land in controversy was purchased by and conveyed to the husband in 1902. In 1906 the debt to the bank was created, and in March, 1907, Mount conveyed the land to his wife for the recited consideration of $1,500 in cash.

Counsel for the bank took the depositions of Mount and his wife and each fully corroborated the statements of the other. Mrs. Mount testified in substance that in 1906 she gave her husband five hundred dollars in cash,

which he needed in connection with the saloon business he was then engaged in, but did not take from him any note or other evidence of the loan. Her testimony as to the source from which she received this five hundred dollars is contradictory and inconsistent. It is in effect that twenty or more years before she advanced it to her husband she received it from her mother's estate or, at any rate, from some of her mother's people, and kept in her house in a black satchell during all of these years the identical money so received until she lent it to her husband in 1906.

She further testifies that in the early part of 1902 her husband, out of his earnings as workhouse keeper of Owensboro, gave her one thousand dollars in gold and she put this gold in the satchel with the five hundred dollars and kept the gold there until the day the deed was written, when she paid to her husband the same thousand dollars in gold that he had given her in 1902 and this money together with the $500 advanced to him in 1906 made up the $1,500 paid by her for the land. Another witness said he was present when the $1,000 was paid, but we attach little weight to the evidence of this witness as he only knew what was told him by Mount. It is true that both Mount and his wife testify that the wife paid him, in the manner and at the time stated, fifteen hundred dollars for the land, but there are many convincing circumstances disclosed by their evidence tending to impeach the verity of their statements dealing directly with these transactions, and these circumstances, together with the inconsistencies in the evidence of Mount and his wife, leave the impression that their purpose was to defeat the collection of this debt that they both knew was in existence when the conveyance to the wife was made.

It is very true that so far as the direct and positive evidence is concerned, and looking to that alone, it shows that the wife paid to the husband the consideration stated in the deed; but, in an effort to get at the truth and do justice in cases like this, courts are not concluded by the positive evidence of witnesses, but may look into all the facts and circumstances discovered by the testimony, and after weighing it all, feel at liberty to reject the positive declarations and be controlled by other facts and circumstances appearing to be entitled to more weight. Especially should this rule prevail when the transaction assailed as fraudulent occurs be-

tween husband and wife and is unsupported except by their statements. Reasonably and naturally they have a community of interest, a community of purpose and a community of desire. What one does, the other will do; what one wants, the other will agree to, and declarations made by one will generally be corroborated by the other.

These ever present conditions, existing as a result of the marital relation make it unusually difficult to establish that purely private and personal transactions between husband and wife are fraudulent or without consideration and if the courts were bound to accept as true their declarations as to what occurred, without feeling free to look behind the statements and see, in the light of the surrounding circumstances, what actually happened, the creditors of the husband could rarely succeed in showing the real nature of the transaction or the fact that it was arranged to defeat his creditors. So that, while in this class of cases the burden of proof is on the creditor to show the fraud complained of by him, this rule of evidence will not furnish a shield behind which husband and wife may hide property to which the creditor is entitled if he produces facts and circumstances sufficient to overcome the presumption that puts upon him the burden of showing that the transaction assailed was tainted with fraud. Stix v. Calender, 155 Ky., 806.

Wherefore, the judgment on the original and cross-appeal is affirmed.