## Patrick v. Daniel.

(Decided March 20, 1931.)

M. C. REDWINE for appellant.

D. L. PENDLETON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this action against the appellant to quiet her title to a described tract of land containing about 12½ acres. From a judgment quieting her title, this appeal is prosecuted.

On October 30, 1920, George Bush and wife conveyed a large tract of land which includes the 12½ acres here in controversy to the appellee and her husband, O. L. Daniel, jointly. The consideration was part cash and

part deferred payments represented by notes secured by a vendor's lien. Appellant contends that the appellee paid no part of the cash consideration, and the conveyance of an undivided one-half interest to her of this land was directed by her husband with the fraudulent intent and purpose to cheat his future creditors. The evidence in the record sustains neither contention, but refutes them both. We need not, however, take time or space in discussing the matter for reasons presently to be stated. After the land had been conveyed to the Daniels, they sold off parts of it from time to time, and with the proceeds paid off the deferred payments. At last, they had left the 12½ acres which were clear of debt. There was a store and post office building on this 12½ acres in addition to a little home. The store and post office later burned, leaving only the little home upon the land. On December 1, 1927, Daniel conveyed this 12½ acres to his wife, the appellee, as though he owned it all, although his wife at that time was the record title holder of an undivided one-half interest in the same. The evidence establishes without contradiction that at that time, and long before, the land and house upon it were not worth $1,000. The evidence also satisfactorily establishes that Daniel and his wife had been living in the house since they bought it in 1920 and were living in it at the time of the conveyance of December 1, 1927. It is true that, in the preceding October, they had had a sale of the major portion of their household goods, but they retained part of them and continued to live on the place until they departed for Florida a few days after the December conveyance. About the year 1926, appellee's husband embarked in the illicit liquor business. He was caught, indicted, tried, and convicted. He appealed the case to this court, with the appellant as surety on his supersedeas bond. On October 7, 1927, the judgment was affirmed by this court without a written opinion. The mandate having been filed in the lower court, an execution was issued on the judgment on the 15th day of December, 1927. On the same day, an execution was issued on another judgment of conviction of certain other parties, Daniel being surety on their bond. On December 12, 1927, two other executions had issued on judgments of conviction of still other parties, Daniel also being surety on their bonds. All four executions were levied on certain lands owned by Daniel and also on the 12½ acres here involved. The sheriff later sold these lands, includ-

ing the 12½ acres, under the executions, and appellant became the purchaser of all of them. After obtaining a sheriff's deed to the various tracts, appellant made a motion in the circuit court for a writ of possession of the lands involved. Daniel made defense, and particularly as to the 12½ acres, on the ground that they belonged to his wife. Appellant, however, never made the appellee a party to that proceeding, nor did she ever become such. There is no evidence in the record to show that she even knew of its pendency. At least appellant, through Daniel, was put on notice of her claim. As between the appellant and Daniel, the circuit court awarded the former the writ of possession he asked. When appellee brought this suit, appellant pleaded that the conveyances of October, 1920, wherein appellee was deeded an undivided one-half interest in the property, and the conveyance of December, 1927, were both fraudulent and void under Kentucky Statutes, secs. 1906 and 1907, being voluntary and having been made by Daniel with intent to cheat his creditors, past and future. He further pleaded his judgment, in the "writ of possession" proceeding as a bar to appellee's cause of action. The chancellor disallowed both pleas, and, in doing so, adjudged correctly.

As heretofore stated, we need not discuss the evidence bearing on the conveyance of 1920, for, even if, in the face of the evidence in this record to the contrary it be conceded that the appellee took nothing by that deed, yet the evidence overwhelmingly establishes that when Daniel conveyed the property to his wife in December, 1927, it was his homestead and had been acquired as such long prior to his having become obligated by the bonds or judgments here involved. This being true, he had a right to deed it to his wife, when he did, as the land was not then subject to his debts and obligations upon which appellant relies for his title. In the case of Wells v. Dixon, 214 Ky. 499, 283 S. W. 434, 436, we said:

"It is claimed, however, by the appellant that the latter's sale of and removal from the land constituted an abandonment of his homestead, and made the land subject to the payment of the judgment sued on.

"This contention cannot be sustained, for, if at the time of the sale of the land by James Dixon, Sr., to his son and daughter he was entitled to a homestead therein, and the land did not exceed in value

$1,000, his sale and the conveyance thereof cannot be declared a fraud upon his creditors, and this would be true, though such sale and conveyance of the land were resorted to for the fraudulent purpose of defeating the collection of the appellant's judgment. In other words, the owner of a homestead in land may sell and convey it with or without consideration, and regardless of the claims of his creditors, because of its being exempt by law from their demands. Tong v. Eifort, 80 Ky. 152; Roark v. Bach, 116 Ky. 460, 76 S. W. 340, 25 Ky. Law Rep. 699; Cryer v. Conway, 181 Ky. 526, 205 S. W. 562; Turner v. Browning's Adm'r, 128 Ky. 79, 107 S. W. 318, 32 Ky. Law Rep. 891; Mount v. Fourth Street Bank, 156 Ky. 503, 161 S. W. 220.

"The only conflict in the evidence was as to the value of the land. But, considered as a whole, we think its weight is to the effect that its value is less than $1,000. But, if, after considering the evidence, we were left in doubt as to that matter, we would feel it our duty to be controlled by the findings and judgment of the chancellor that its value was less than, or did not exceed, that amount. Hence there was no land in excess of the homestead that could have been subjected to the appellant's judgment had there been any ground for holding the owners' sale and conveyance of it fraudulent as to such excess."

The principles laid down in the quoted excerpt control the instant case and resolve the contention of the appellant as to the fraudulent nature of the December conveyance against him. The cases cited and relied upon by him do not involve the right of a debtor to convey his homestead, that being the question here presented. Hence they are not applicable and do not militate against the conclusions here reached.

Nor was the appellee concluded by the writ of possession awarded appellant in his controversy with appellee's husband. She was no party to that proceeding, had been deeded the land prior to its inception and even the issuance of the executions, and did nothing, so far as this record shows, upon which an estoppel could be based. Indeed, none was claimed. In the case of Hazard Lumber & Supply Co. v. Horn, 228 Ky. 554, 15 S. W. (2d) 492, we held that a judgment for the assignee of the purchaser under an execution sale on her motion for a writ

of possession rendered in a proceeding in which the said assignee was plaintiff and the defendant in the execution was defendant, and to which a mortgagee of the property was not a party, was not binding on the mortgagee, and it could not rely upon it, which, being true, neither could it be relied upon as against the mortgagee. See, also Middleton v. Graves, 229 Ky. 640, 17 S. W. (2d) 741; Levi v. National Surety Co., 230 Ky. 235, 18 S. W. (2d) 1001. A judgment binds only parties and privies, neither of whom is appellee. Hence it follows that the chancellor did not err in disallowing this plea.

The judgment of the lower court being correct, it is affirmed.