## Helton; et al. v. Vanderpool.

(Decided Nov. 14, 1933.)

W. B. EARLY for appellants.

C. B. UPTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

L. D. Vanderpool brought this suit against John Helton to recover on an open account for $471.37, and two promissory notes of $100 each, and asked for a general order of attachment. He further asserted a lien on two mules belonging to Helton on the ground that he furnished Helton the money to buy the mules. Later on Maggie Helton, wife of John Helton, was made a party, and plaintiff asked that two deeds made to her by John Helton in the year 1932 be set aside on the ground of fraud. The defendants, in addition to denying certain allegations of the petition and other pleadings of plaintiff, interposed a plea of homestead as to the land involved, and also pleaded that the personal property of Helton was exempt. On final hearing the court gave judgment for the amount sued for, sustained the attachment, set aside the deeds from Helton to his wife, and ordered the land and personal property sold to pay the debts. From that judgment this appeal is prosecuted.

The land in controversy consists of a house and lot, which was conveyed jointly to Helton and wife by deed dated May 15, 1915, and recorded in the Whitley county clerk's office on May 18, 1915, and an adjoining lot, which was conveyed by deed dated February 26, 1917, and recorded in the Whitley county clerk's office on March 22, 1920. The two tracts adjoin, and have been used and occupied by Helton, his wife and children, as a home ever since they were first acquired, and were

so occupied at the time this action was brought and judgment was rendered. The value of both tracts is less than $1,000 and the debts sued on were not incurred until many years after they were purchased. In the circumstances it cannot be doubted that the land in question is exempt from sale under execution, attachment, or judgment, and that the court erred in holding otherwise. Kentucky Statutes, sec. 1702; Franks v. Lucas, 14 Bush, 395; Meade v. Wright, 56 S. W. 523, 21 Ky. Law Rep. 1806; Mann Bros. v. Jenkins, 110 S. W. 387, 33 Ky. Law Rep. 589. The court also erred in setting aside the deeds which Helton made to his wife in the year 1932. In Mount v. Fourth Street Bank, 156 Ky. 503, 161 S. W. 220, we held that, where land was paid for before a debt was created, a conveyance to the debtor's wife, though fraudulent, did not defeat their right to a homestead as against the creditor. The reason for the rule is that, as the homestead is exempt, and therefore beyond the reach of a creditor, the conveyance thereof by the debtor, whether with or without consideration, and regardless of the intent with which it is made, does not operate to his prejudice. Smith v. Fourth Street Bank, 174 Ky. 647, 192 S. W. 643; Patrick v. Daniel, 238 Ky. 172, 37 S. W. (2d) 71.

By the express terms of the statute two work beasts, two plows and gear, one wagon and set of gear, owned by a person with a family resident in this commonwealth, are exempt from execution, attachment, distress, or fee bill. Ky. Stats. Supp. 1933, sec. 1697. It is sought to uphold the judgment subjecting the two mules, wagon, and plow to appellee's debt on the ground that he furnished the money to pay for the wagon and plow, and also for the two mules, which were exchanged for the two mules now on hand, and therefore had a lien on the property. Unlike the statutes in some states, and unlike the homestead statute, our statute governing the exemption of personal property contains no provision to the effect that property exempted generally, with certain exceptions, shall not be exempt from any execution issued upon a judgment rendered for the purchase money for the same property. Maxon v. Perrott, 17 Mich. 332, 97 Am. Dec. 191; 11 R. C. L. 535. Nor does it contain any provision that the exemption shall not be good as against prior debts. In the absence of such provisions, we are inclined to the view that the

314

statute is absolute, and are not at liberty to incorporate in the statute any exceptions not therein contained. We therefore conclude that the exemption is good, not only against prior debts, but debts incurred for the purchase price. Moreover, we know of no law that, in the absence of a contract, gives to one, who merely furnishes the money to purchase property which is exempt under the statute, and which is either on hand or has been exchanged for other property, a lien thereon that will defeat exemption. As the property in question was exempt under the statute, it necessarily follows that it should not have been subjected to appellee's debt.

Wherefore the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.