580

BLEVINS v. McKENZIE.

Court of Appeals of Kentucky.
May 1, 1953.

J. B. Clark, and Wheeler & Wheeler, Paintsville, for appellant.

Ed H. King, Paintsville, for appellee.

WADDILL, Commissioner.

Dennis Blevins appeals from a judgment recovered against him in an action in ejectment instituted by Lonnie McKenzie, appellee.

The dispute concerns the correct location of a boundary between lots No. 4 and 5 of the subdivision of a farm sold at auction in October, 1949. Appellant is the owner of lot No. 4 and appellee owns lot No. 5. The parties agree that the stake monument marking the common front corners of these two lots is correctly located on the south edge of Mudlick Road, but disagree as to the course of the boundary running back from the stake to Mudlick Creek.

The lots were located on a plat of the subdivision made by a civil engineer and recorded in the Johnson County Court records. A copy of this plat was in the hands of the real estate agents at the auction and was used to show bidders and purchasers at the auction the location of the lots. The plat to which the deeds refer and which was relied upon by all purchasers at the auction, represents the course of the boundary in question as a 90-degree angle from the general course of Mudlick Road.

We think the court correctly found the boundary to be as shown on the recorded plat.

Appellant urges reversal on the grounds that the owners of other lots purchased at the auction were necessary parties to this action since their boundaries also are affected by the judgment in this suit.

Section 28 of the Civil Code of Practice is cited to sustain appellant's contention. It reads:

"The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

We do not think other lot owners in the subdivision in question are necessary parties to this suit since only the

boundary between appellant's and appellee's property was fixed by the judgment and the judgment is not res judicata as to persons not parties to the suit. Patrick v. Daniel, 238 Ky. 172, 37 S.W.2d 71.

 Appellant also claims that the description of the property set forth in appellee's petition was not sufficiently exact to maintain an action in ejectment. The description in the petition is the same as that in the deeds to the lots in question and reference was made to the recorded plat for further identification.

We think the pleading adequately identifies the property. We find no error in the proceedings in the circuit court.

Judgment affirmed.