### GROOTEMAAT VS. TEBEL.

VACATING JUDGMENT.    *Defendant's neglect held not excusable.*

Defendant testifies that he gave the summons served on him herein to his attorney to defend the action, while the attorney testifies that defendant did not deliver to him such summons, but gave him to understand that none had been served. It appears, however, that defendant paid no attention to the action for some eighteen months, until served with an order to show cause why judgment should not be rendered against him; that he then gave such order to his attorney to attend to it; but neither he nor his attorney paid any further attention to the subject until execution had issued. *Held,* that the court below did not abuse its discretion in refusing to set aside the judgment; the defendant's neglect not being excusable.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was to enforce the collection of a mechanic's lien, and was commenced on the 19th of September, 1872, by service of the summons upon the defendant. The complaint was filed October 29, 1872, and judgment as upon default was entered on the 8th of March, 1875, after the service of an order to show cause why it should not be so entered. On the 31st of May following, the court, after a hearing, denied a motion of the defendant to vacate the judgment and grant him leave to answer; and from this order the defendant appealed.

The papers read at the hearing of defendant's motion included the proposed answer, duly verified, and an affidavit of merits. The essential facts upon which the order was based. will sufficiently appear from the opinion.

The case was submitted on briefs.

*James Hickcox,* for appellant.

*Nath. Pereles & Son,* for respondent, with *Rogers & Hover,* of counsel.

RYAN, C. J. The circuit court has discretion to relieve a defendant from a judgment, within a year after notice of it,

Grootemaat vs. Tebel.

going against him through his mistake, inadvertence, surprise, or excusable neglect. Ch. 125, sec. 38, R. S. The motion papers in this case disclose no pretense of mistake, inadvertence or surprise. They do disclose neglect, which we cannot but consider gross and inexcusable.

Whether the appellant gave the summons served upon him to his attorney to defend the action, as he states, or did not, giving him to understand that none had been served, as the attorney states; it appears to be certain that the appellant paid no attention to the action for some eighteen months, until the order to show cause why judgment should not be rendered against him was served upon him. He then gave the order to his attorney to attend to it; and seems to have paid no further attention to the subject, until execution had issued. And his attorney seems to have followed his example. The affidavit of the respondent's attorney shows that he forbore entering judgment for a long time, and took great pains to avoid the necessity. When he did finally apply for judgment, the court below made an order on the appellant to show cause why judgment should not go against him, and withheld judgment until the order had been served. It is difficult to understand what more the respondent or the court below could have done to incite the appellant to diligence. The failure of the appellant's attorney to defend, after the order to show cause, seems to have rested in some discretion confided to him; but, in any case, could not excuse such persevering and repeated neglect of the appellant himself.

"Such long, passive inattention and indifference are surely neglect, but it would be difficult to consider it excusable. *Non dormientibus jura subserviunt.* The statute was not designed to license mere apathy in suitors." *Pringle v. Dunn, ante,* p. 439.

We can see no abuse of the discretion of the court below in denying the motion, to warrant us in reversing its decision.

*By the Court.* — The order of the court below is affirmed.