JUDGE LINDSAY
delivered the opinion op the court.
Clifton Rodes, as the assignee of R. M. Graham, held and owned the promissory note of James Clark, due Aug. 1, 1871, for the sum of $2,647.42. Said note bore interest at the rate of six per centum per annum, and its payment was secured by a mortgage on real property.
Rodes sued Clark, and sought to have the mortgaged property subjected to the payment of his debt. On the 5th day of September, 1871, the parties appeared in court, and upon the agreement of Clark the court entered judgment against him for the amount of the note, “ with interest thereon at the rate of ten per cent per annum from the 1st day of August, 1871, until paid/’ and decreed a sale of the property embraced by the mortgage.
*15 The judgment contains this recital: “This judgment is entered by agreement and consent of the parties hereto. It is agreed that this judgment is not to be executed or enforced before the 1st day of January, 1872, at which time the plaintiff can execute it in full, provided the debt is not paid in full before that time.”
Clark paid $500 on the judgment, and the balance was raised by a sale of the property adjudged to be sold.
Afterward — on the 3d day of August, 1875 — Clark sued Rodes and Graham in the same action, and alleged that the note executed to Graham contained usurious interest, and also claimed that all the interest paid under the judgment of Rodes in excess of six per cent per annum was usurious, and he sought a recovery against each of them.
Graham made defense, and relied on the plea of the statute of limitations, and the petition was dismissed as to him; and Clark seeks a reversal on that account.
The agreed judgment of Sept. 5, 1871, was a complete change of the contract by which Clark was theretofore bound, and so far as it affected the rights of Graham was equivalent to the execution by Clark of a new note to Rodes.
The right of Clark to sue and recover from Graham the usurious interest contained in the note arose at that time, and the limitation at once began to run. (Stone v. McConnell, 1 Duvall, 56.) The plea of limitation was properly held to be good, and the judgment in favor of Graham is affirmed.
But the court rendered judgment against Rodes for all the interest collected under his judgment in excess of six per cent per annum; and to reverse that judgment he prosecutes a cross-appeal.
It is not denied that.on the 5th of September, 1871, the day upon which the judgment was rendered, Clark might have lawfully bound himself, by written contract properly executed, to pay to Rodes, for further indulgence or forbearance, interest *16 on the debt then due at the rate of ten per cent per annum; but it is insisted, because the 2d section of the conventional interest act provided that “no contract for the payment of a greater rate of interest than six per cent per annum for the loan or forbearance of money shall be binding in law, unless a memorandum thereof shall be made in writing and signed by the party chargeable thereon,” that the judgment was not enforceable for more than six per cent interest.
As the judgment entered of record was not signed by the party to be charged thereon, this position might have the merit of plausibility if a judgment could for all purposes be treated as a mere contract. But it can not be so treated. A judgment is a final and conclusive determination of the rights of the parties to the litigation; and until it shall be reversed, vacated, or modified in some one of the modes provided by law the parties can not refuse to obey it, nor can they by subsequent litigation indemnify themselves against its legal consequences.
This case differs from the cases of Scott v. Shropshire (2 Duvall, 153), Ross v. Ross (3 Metcalfe, 276), and other cases of similar import.
The Revised Statutes provided that a court of equity might grant relief for any excess of interest, and also that such excess, when paid, might be recovered from the lender, although payment was made to an assignee. (Vol. 2, p. 64, Stan. R. S.)
In the case of Ross v. Ross the usurious interest contained in the note or contract upon which the action was founded was treated as a claim which the defendant might, at his election, use as a defense, or after judgment and satisfaction thereof might make the foundation of an action against the party by whom he had first been sued. It was said by the court that such a claim is a cause of action against the party recovering judgment for the usury, which may be asserted in a distinct proceeding instituted for that purpose; and the reason given *17 for that conclusion was that he had no right in law either to recover or receive it.
But since the 1st day of September, 1871, a creditor has, or at least may have, the right both to recover and receive interest at a rate not exceeding ten per cent per annum; and whether or not he has such right is a question for the court to determine when he institutes his action.
Here the court, in a proper proceeding, did determine that Rodes had the right to recover from Clark interest at the rate of ten per cent per annum. It may be that this judgment was erroneous, and that upon appeal this court would have reversed it; but it has not been reversed, and Clark has paid to Rodes no greater sum than he was adjudged to pay by a court of competent jurisdiction. If he be allowed in this action to recover back any portion of the sum paid, he will be thus enabled to nullify to that extent an unreversed and, at the time of the institution of his action, an irreversible judgment.
We do not regard it as material that the judgment in question was rendered upon the agreement of the parties. Litigants may properly and lawfully agree as to what their respective rights are, and the court may, when they are all sui juris, make their agreement the basis of its judgment; and a judgment thus brought about can no more be nullified or disregarded than one rendered after a full investigation of all the matters in controversy.
Rodes was entitled to recover on his set-off, and it was error to allow Clark a credit for $329 on account of the claim for usurious interest paid on the judgment of Sept. 5, 1871.
The judgment is therefore reversed on the cross-appeal of Rodes, and the cause remanded- for further proceedings consistent with this opinion.