CASE 47—PETITION ORDINARY—FEBRUARY 3.

# Chaffin v. Fulkerson.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

1. A PETITION IN EJECTMENT describing the land sought to be recovered as forty acres, a part of a certain survey described by metes and bounds, was sufficiently definite. But if not, as the plaintiff alleged that he did not know and could not ascertain the boundary of the forty acres, and called upon defendant to give it, the defendant failing to answer, the petition was properly taken for confessed, and judgment rendered for the recovery of the land, giving the boundary.

2. NEW TRIAL.—The court properly refused to set aside the default judgment and allow the defendant to file answer, as he was given thirty days after his demurrer was overruled in which to file answer, and offered no excuse for his failure to do so, except that he was ignorant of his duty in that regard. The fact that his attorney said to him after his demurrer was overruled that he could go home, did not give him reason to believe that the case had been finally disposed of.

3. APPEARANCE.—The defendant by filing a general demurrer to the petition entered his appearance.

ALEXANDER LACKEY FOR APPELLANT.

The judgment is void, and for the error of the court in refusing to set it aside, it should be reversed. (Civil Code, secs, 125, 763; Blackwell v. Townsend, 13 Ky. Law Rep., 290; Dorsey v. Kendall, 8 Bush, 294; Anthony v. Kasey, 5 Am. St. Rep., 27; Falls v. Wright, 29 Am. St. Rep., 74; Seamster v. Blackstock, 5 Am. St. Rep., 262.)

WM. M. FULKERSON FOR APPELLEE.

1. The appellant has utterly failed to account for his absence; but even if he had done so, that would not be sufficient to entitle him to have the judgment set aside. He must also show due diligence in his preparation. (Musson v. Collins, 1 Mar., 350.)

2. The petition was good, and the answer tendered did not present a sufficient defense.

3. After the term a final order or judgment can not be vacated, except in the mode prescribed by secs. 344, 519 and 520 of the Code and for the causes mentioned in sections 340 and 518. (Hocker v. Gentry, 3 Met., 463; McManama v. Garnett, 3 Met., 517.)

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee was ruled to make his petition more defi-
nite. He attempted to do so, but failed. And on the
18th of September, 1889, he filed in court a petition as a
substitute for the original petition and amendments. The
substituted petition alleged that the appellee was the
owner of seven hundred and thirty-three acres of land,
giving its metes and bounds. It was alleged that the
appellee had the possession of the survey, except the par-
cels that two of the defendants held, without right, which
parcels were described by metes and bounds in their an-
swers thereto, filed in this case. It was alleged that the
appellant also held the possession of a parcel of said land
without right, containing forty acres, but that the appellee
was unable to give its boundary, and he called upon the
appellant to give it. The appellee also asked that his title
be quieted and that he have judgment for the possession
of said forty acres of land.

The appellant filed a demurrer to this substituted peti-
tion, which was overruled, and the appellant was allowed
thirty days in which to file an answer. But he made no
answer, and at the August term of the court, 1890, the
petition was taken for confessed, and judgment was ren-
dered in favor of the appellee for the possession of the
forty acres of land, giving its boundary. At the August
term, 1892, the appellant tendered answer, controverting
the allegations of the petition ; also tendering his affidavit,
attempting to explain why he failed to file his answer in
proper time. The substituted petition set up an action
of ejectment against the appellant for the possession of
forty acres land, and also an action to quiet his title to
the remainder. If it be urged that the forty acres of

Chaffin v. Fulkerson.

land was not definitely described in the petition, it is sufficient to say that it is described as a part of a certain survey, which was sufficiently described; and which, we think, is sufficient to support an action of ejectment. But if we are mistaken in this, the petition alleges that the appellee could not give the boundary of the forty acres, because he did not know it and could not ascertain it; but that the appellant did know it, and he was called upon to give it, which he failed to do. If it be urged that the appellant was not summoned to answer the substituted petition, it is sufficient to say that he filed and urged his general demurrer thereto, which had the effect of entering his appearance to the action, and was a waiver of the necessity of a summons.

The appellant says in his affidavit as an excuse for not appearing and filing his answer, that at the next term of court after the demurrer was filed and acted on, he was prevented from attending court by sickness in his family. It is to be observed that the judgment was not rendered at the next term of court, but at the term after that, and he gives no valid reason for not appearing at that term. Besides, the appellant had plenty of time to have filed his answer, and he offers no excuse for his failure to do so, except that he did not know what his rights and duties were in that regard. But this excuse simply victimizes him to the old adage, "when knowledge is a duty, ignorance is a crime."

But it is said that the appellant was advised by his attorney, at the time that the demurrer was overruled, that he could go home. This advice was proper; but it did not mean that the case was finally disposed of, and if the appellant so understood it, he was unfortunate.

The judgment is affirmed.