[No. 5280. Decided April 14, 1905.]

AGNES MOODY, *Executrix of the Last Will and Testament of O. D. Moody, Deceased, Appellant*, v. FREDERICK W. REICHOW *et al., Respondents*.[1]

JUDGMENT—VACATION—DEFAULT—LACHES — INSUFFICIENT EXCUSE—ABUSE OF DISCRETION. It is an abuse of discretion to vacate a default judgment, where it appears that the defendants were personally served, and, after moving for a cost bond, suffered default, that a motion for default was duly served and was pending for more than a year, that defendants offered no resistance to the motion by filing any paper of record, and tendered no pleading, and that the default was thereupon heard and granted, and decree entered, and the only showing on motion to vacate the judgment was the affidavit of the defendant to the effect that he understood English imperfectly and was unable to make his counsel understand his defense, especially since defendants' counsel made no affidavit to that effect.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered May 3, 1904, upon findings

[1]Reported in 80 Pac. 461.

in favor of the defendants, after vacating a default, and a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Reversed.

*Barnes & Latimer* and *Alfred M. Craven,* for appellant, contended, among other things, that it was error to vacate the default. 1 Freeman, Judgments (4th ed.), § 112; 1 Black, Judgments (1st ed), §§ 337, 340, 341; *Chaffin v. Fulkerson,* 95 Ky. 277, 24 S. W. 1066; *Bailey v. Taaffe,* 29 Cal. 423; *Peoples' Ice Co. v. Schlenker,* 50 Minn. 1, 52 N. W. 219; *Burke v. Pepper,* 29 Neb. 320, 45 N. W. 466; *Jenkins v. Gamewell Fire Alarm Tel. Co.* (Cal.), 31 Pac. 570; *Groottemaat v. Tebel,* 39 Wis. 576; *School District etc. v. Lovejoy,* 16 Fed. 223; *Elliott v. Shaw,* 16 Cal. 378; 1 Freeman, Judgments, §§ 114, 115; 2 Id., §§ 502, 503; *Titus v. Larsen,* 18 Wash. 145, 51 Pac. 351; *Browning v. Roane,* 9 Ark. 354, 50 Am. Dec. 218. The negligence of counsel is the negligence of the client. *Norton v. McLaurin,* 125 N. C. 185, 34 S. E. 269; Note to *Peterson v. Koch,* 80 Am. St. 261; *Myers v. Landrum,* 4 Wash. 762, 31 Pac. 33; *Sanborn v. Centralia Furn. Mfg. Co.,* 5 Wash. 150, 31 Pac. 466.

*N. T. Caton* and *Martin & Grant,* for respondents, to the point that a default is properly vacated when due to the neglect of an attorney, and the client is not blamable, cited: *Peterson v. Koch,* 110 Iowa 19, 81 N. W. 160, 80 Am. St. 261; *Manning v. Roanoke etc. R. Co.,* 122 N. C. 824, 28 S. E. 963; *Taylor v. Pope,* 106 N. C. 267, 11 S. E. 257; *Griel v. Vernon,* 56 N. C. 76; *Geer v. Reams,* 88 N. C. 197. Especially where it works great injustice to the defendant. *Metropolitan Life Ins. Co. v. Bergen,* 64 Ill. App. 685; *Fisher v. O'Donnell,* 153 Pa. St. 619, 26 Atl. 293; *Heardt v. McAllister,* 9 Mont. 405, 24 Pac.

263; *Lathrop v. O'Brien,* 47 Minn. 428, 50 N. W. 530; *Turner v. Coughran,* 8 S. D. 419, 66 N. W. 810.

HADLEY, J.—This action was instituted to foreclose a mortgage. The complaint was filed February 15, 1902. On March 7 of the same year, the defendants appeared in the action, and filed a motion to require the plaintiff to give security for costs, on the ground of nonresidence. The motion was confessed by the plaintiff, and on March 27, following, she filed a cost bond, and notified defendants' counsel thereof. A rule of the court provided that the defendants should have ten days, after notice of the filing of the cost bond, to object to the same, or to further plead. No objections were made, and no further pleadings having been filed, on May 20, 1902, the plaintiff filed a motion for default, and notified the defendants that the same would be called on for hearing May 27, 1902. The motion was, however, not heard at that time. Nothing in the way of resistance to the motion for default was filed, and the cause rested with the motion pending, until June 18, 1903, more than one year after the motion was served and filed.

On the last named date, the plaintiff served upon defendants' counsel a notice that the cause would be called up for hearing, and on June 23, 1903, the same came on for hearing. The defendants were present by their attorneys, but no resistance to the motion was filed in the record, and neither answer nor pleading of any kind was filed. The court heard the motion for default, and found that the defendants were regularly and personally served with summons and complaint, in Lincoln county, on March 11, 1902; that they thereafter appeared in the cause by the aforesaid motion for a bond for costs, and that they had failed to answer or plead within the time required by law,

or at all. The default of the defendants was granted, and findings of facts, conclusions of law, and decree of foreclosure, in accordance with the demand of the complaint, were entered. On the same day the default and decree were entered, which was some days after the hearing, the defendants filed what they termed a motion for new trial, and to vacate the order of default and judgment. An answer to the complaint was submitted with the motion. The court granted the motion, vacated the default and judgment, and afterwards entered judgment that plaintiff shall take nothing by the action, and declaring the mortgage void. The plaintiff has appealed.

It is assigned that the court erred in vacating the order of default and judgment. The respondents had been in default more than fourteen months, during which time they were twice notified that the motion for default would be called on for hearing. Still they did not answer or plead, and, although actually represented at the hearing, they saw proper not to offer to plead or answer until after the default was granted, and judgment against them was entered. On the face of this statement, it would seem that there could have been no reasonable ground for the vacation of the default and judgment. The only excuse attempted to be shown in the record for the persistent delay is found in the affidavit of one of the respondents. The affidavit states that, as soon as he was served with summons, the affiant employed counsel to represent him in the case; that he did everything they told him to do, and expected that they would take care of his case; that he understands the English language imperfectly; that it was difficult for him to make known his defense to his attorneys; and that they did not understand it until about June 25, 1903. The last named date was just two days after the hearing upon motion for default, and it must be

noted from the affidavit and record that, immediately after the default was declared, the respondent was able to make his attorneys understand him. But the affidavit fails to disclose that he did not understand the English language as well on the day of the hearing, as he did two days afterwards. It thus appears that competent counsel were promptly employed to represent respondents, and that they did so from the inception of the case. While the affidavit states that the respondent who made it was unable to fully make known the defense to his counsel, yet there is no affidavit of the counsel that such was the fact. The said respondent was not competent to swear as to what his counsel understood. They alone were competent to swear as to their understanding upon the subject. The affidavit was, therefore, hearsay, in so far as it dealt with matters which, in the nature of things, were known to others and not to him. An affidavit of merits must be made by the person having personal knowledge of the particular facts stated in the affidavit. *Bailey v. Taaffe,* 29 Cal. 423; *People's Ice Co. v. Schlenker,* 50 Minn. 1, 52 N. W. 219; *Jenkins v. Gamewell Fire Alarm Tel. Co.* (Cal.), 31 Pac. 570. We are unable to see any excuse for the persistent neglect to plead in this case. In *Grootemaat v. Tebel,* 39 Wis. 576, where there was a delay of eighteen months, the court said the motion papers in the case disclosed gross and inexcusable neglect. The opinion quotes from *Pringle v. Dunn,* in the same volume, page 435, as follows:

"Such long, passive inattention and indifference are surely neglect, but it would be difficult to consider it excusable. *Non dormientibus jura subserviunt.* The statute was not designed to license mere apathy in suitors."

In *Chaffin v. Fulkerson,* 95 Ky. 277, 24 S. W. 1066, it was held that the mere fact that the defendant did not know what his rights and duties were, was not ground for open-

ing a judgment entered for his failure to answer. Again, in *Sutton v. Gunn,* 86 Ga. 652, 12 S. E. 979, it was held that illiteracy will not excuse one from due diligence, and that, if he is wrongly informed, such misinformation not being caused by any act or omission of the adverse party, he, like all other suitors, must abide the legal consequences of regular procedure in a pending action.

It is said that the court was authorized to act with discretion. Discretion must, however, be exercised for reasonable cause, and upon such grounds as may reasonably happen to a person in the exercise of ordinary diligence in the protection of his rights. The court in *Bailey v. Taaffe, supra,* said:

"The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case, this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates."

Again, in *People's Ice Co. v. Schlenker, supra,* it was observed:

"Courts are naturally and very properly inclined to relieve a party from a default if he furnishes any reasonable excuse for his neglect and makes any fair showing of merits; but we could not affirm the action of the trial court in this case without disregarding well-settled rules on the subject, offering a premium on negligence, and even opening the door for the perpetration of fraud."

Such, it appears to us, would be the result of sustaining the vacation of the judgment in this case. If the courts may overlook such inexcusable negligence, continuing for a period of fourteen months, why may they not do so for

a much longer period? Such a course would seem to invite trifling with the ordinary and reasonable dispatch of judicial business, and, as quoted above, would be "offering a premium on negligence and even opening the door for the perpetration of fraud." If by reason of the default respondents' rights upon the merits were not duly considered, it was entirely due to their own neglect, and the court cannot now disregard well settled rules in order to aid them.

We think it was error to vacate the default and original judgment, and it is unnecessary to discuss other questions which grew out of the subsequent trial. The judgment appealed from is reversed, and the cause remanded, with instructions to the lower court to set aside the order of vacation, and reinstate the judgment of default and original decree.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.