[No. 12399.   Department One.   March 15, 1916.]

F. A. HAZELTINE, *Respondent*, v. ELI ROCKEY *et al.*,
*Appellants.*[1]

JUDGMENT—DEFAULT—VACATION—DISCRETION.   The denial of a
motion to vacate a judgment of default is not an abuse of discretion,
where the action was commenced November 19, 1912, judgment was
entered April 26, 1913, motion to vacate was not made until Decem-
ber 15, 1913, and the allegation that default was entered without
notice while negotiations for settlement were pending was denied by
counter affidavits.

Appeal from an order of the superior court for Pacific
county, Edward H. Wright, J., entered April 26, 1913, de-
nying a motion to vacate a judgment.   Affirmed.

*Lockerby & Couden*, for appellants.

*Fred M. Bond*, for respondent.

CHADWICK, J.—Plaintiff brought this action against de-
fendants to recover for piling cut on lands belonging to plain-
tiff.   After negotiating and corresponding for some time,
an order of default was entered and a judgment rendered
thereon.   The action was begun on November 19, 1912.   De-
fault was entered and judgment rendered on April 26, 1913.

On December 15, 1913, defendants moved to set aside the
judgment.   The motion is supported by the affidavit of de-
fendant Eli Rockey.   He alleges that negotiations were pend-
ing for a settlement of the differences between the parties,
and that for this reason he did not employ an attorney; that
he had no notice of the default or judgment until after
December 4, 1913, when a writ of garnishment was issued
upon the judgment; that he thereupon immediately moved
to set aside the default and to vacate the judgment.   The
merits of his defense are set forth in the affidavit.

Counter affidavits, denying the material allegations of the
affidavit and setting up affirmatively that defendant had

[1]Reported in 155 Pac. 1056.

notice of the intention of plaintiff to claim a default and judgment at the time it was claimed and entered, and that he had subsequent notice of the judgment and of plaintiff's intention to coerce the payment thereof, were filed. The affidavits being in sore conflict, coupled with the lapse of time between the entry of the judgment and the filing of the motion to vacate, impels the holding that the trial judge did not abuse his discretion. *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748; *Moody v. Reichow,* 38 Wash. 303, 80 Pac. 461; *Hays v. Peavey,* 54 Wash. 78, 102 Pac. 889.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.