[No. 17717. Department Two. April 2, 1923.]

## J. W. MORGAN et al., Respondents, v. STAG LUMBER COMPANY, Appellant.[1]

JUDGMENT (30)—DEFAULT—RELIEF AWARDED — PLEADINGS — PERSONAL JUDGMENT. In an action to foreclose lien claims, a complaint asking a personal judgment against the defendant, supports a default judgment therefor.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered May 20, 1922, denying a motion to vacate a default judgment, after a hearing before the court. Affirmed.

*Welsh & Welsh* and *Robt. G. Chambers,* for appellant.

*Edward M. Connelly,* for respondents.

PEMBERTON, J.—On or about June 8, 1921, respondents filed labor liens against certain logs and manu-

[1]Reported in 214 Pac. 15.

factured lumber situated upon the premises of appellant, the Stag Lumber Company. On or about April 1, 1921, appellant sold, on conditional sale contract, to one G. W. Laing certain standing timber and sawmill and equipment near Willapa, Washington. The purchaser, Laing, took possession of the mill, and in its operation employed the respondents. On or about June 1, 1921, appellant took possession of the mill under forfeiture of the contract. There was certain manufactured lumber and logs, described in the complaint, upon which respondents filed their lien claims.

It is claimed by respondents that thereafter the appellant, without permission from respondents, commenced to appropriate to its own use the logs and lumber upon which respondents held their lien claims, and manufactured into lumber a large quantity of the logs and shipped a large quantity of the same from the sawmill plant. On or about September 15, 1921, respondents commenced this action, claiming that appellant had eloigned the logs and lumber, and asked for personal judgment for the amount of the liens filed by respondents. On September 16, 1921, after summons and complaint were served, the parties entered into a written agreement whereby appellants, upon paying $357.24 cash and giving a note for $384.76, agreed to pay for certain lumber sold to the Willapa Lumber Company of Raymond, a portion of the agreement reading as follows:

"   . . .   which said moneys are to be paid to said Edward M. Connelly, trustee above named, the said Edward M. Connelly acting for and in behalf of said labor lien claimants agrees to release said labor liens of said parties for whom he is acting as Trustee and which are now of record in the office of the County Auditor of Pacific County, Washington, and to release that certain action commenced by said parties in the Superior Court for Pacific County, Washington, to foreclose said liens.

It is specifically agreed and understood that said liens and said actions are not to be released or dismissed until the final payment of said promissory note and moneys from said Willapa Lumber [Company] for the sale of said lumber herein referred to. This receipt and release also covers labor lien claimants against the Stag Lumber Company represented by Harold B. Swasey."

It is contended by respondents that thereafter they made numerous demands for the payment of the balance due under the contract, and warned appellant that the suit had not been dismissed, and if appellant failed to comply with the provisions of the contract they would proceed with the original action; that on or about January 14, four months after respondent entered into the agreement, the attorney for respondents wrote the following letter to the Stag Lumber Company:

"January 14, 1922.
"Stag Lumber Company,
  "% B. B. Dietrich, Secretary,
  "Raymond, Washington.

"Dear Sir: Some time ago you entered into an agreement with me as trustee for various labor lien claimants by the terms of which you agreed to pay certain moneys. The consideration being that these labor lien claimants forbear foreclosure suit of their liens. . . .

"Your refusal to make any adjustment of this matter leaves but one course open and that is to proceed against you to a final determination of the rights of the people whom I represent.

"My clients are not concerned in any manner with any difficulties you may have with other employees or with any litigation which they may institute against you. They have entered into an agreement with you to forbear foreclosure suit in the event that certain moneys were paid. You have failed to perform, hence

8—124 WASH.

you cannot expect the agreement to protect you any further.     Yours very truly,
"Edward M. Connelly."

On March 20, 1922, an order of default was entered against appellant. Thereafter appellant moved for an order to set aside the default, which was denied by the court on May 9, and judgment was entered against the appellant on May 20. Motion to vacate this judgment was made by appellant and denied, and this appeal taken.

It is claimed by appellant that the attorney for respondents released the appellant from liability and stated that it need not appear in the action, that no judgment would be taken against it, and that, in any event, he would notify the attorneys for appellant before proceeding further with the action.

There is a marked conflict between appellant and respondents upon this point. The affidavits pro and con were submitted to the trial court, resulting in a finding in favor of respondents. We are satisfied that the trial court reached the proper conclusion, considering the notice given to appellant in the letter of January 14, *supra*. *Hazeltine v. Rockey*, 90 Wash. 248, 155 Pac. 1056; *Hays v. Peavey*, 54 Wash. 78, 102 Pac. 889; *Moody v. Reichow*, 38 Wash. 303, 80 Pac. 461; *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748; *Livesley v. O'Brien*, 6 Wash. 553, 34 Pac. 134.

Appellant next contends that a default judgment must follow the pleadings and grant only such relief as is warranted by the complaint; that this is an action to foreclose lien claims, and personal judgment against the appellant was not proper. The complaint asks for a personal judgment against appellant and is sufficient for that purpose.

The judgment of the trial court is affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.