## CAMAROTA v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 8, 1924.)

No. 3176.

**1. Criminal law �köör1208(2)—Appellate courts have little or nothing to do with sentences imposed within statutes.**

Trial courts have much latitude in imposing sentences, and with sentences imposed within terms of statutes appellate courts have little or nothing to do.

**2. Criminal law �købör274—Application for leave to withdraw plea of guilty and to go to trial addressed to sound discretion of court.**

Application for leave to withdraw plea of guilty, enter plea of not guilty and to go to trial is addressed to sound discretion of trial court guided by law.

**3. Criminal law �købör274—Accused not entitled to withdraw plea of guilty on discovering court's intention to disregard United States attorney's recommendation for light sentence.**

Accused is not entitled to withdraw plea of guilty, made on advice of United States attorney and his promise to recommend light sentence, on his discovery of court's intention to disregard such recommendation.

**4. Criminal law �købör274—Accused held entitled to withdraw plea of guilty on one count, where court stated its intention to impose sentence based on information of his guilt on another count.**

Accused, who, on advice of United States attorney and promise to recommend light sentence, pleaded guilty on one count in indictment, was entitled to withdraw plea and go to trial on entire indictment, where trial court stated its intention to disregard recommendation and to impose sentence based on information of accused's guilt of crime charged in count to which he had not pleaded guilty.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Michael Camarota was convicted of an offense, and he brings error. Reversed and remanded.

Harry Heher, of Trenton, N. J., for plaintiff in error.

Walter D. Van Riper, of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ is urged without a valid assignment of error to support it. Of the several matters argued we shall discuss only the one with reference to which an exception was asked and denied. Feeling that an exception should have been allowed, we shall consider the question under the rule which permits us, of our own motion, to notice a plain error not assigned. Rule 11.

The indictment, by four counts, charged that Camarota and Sheck (1) conspired to commit an offense against the laws of the United States, namely, to receive and conceal liquors unlawfully imported; (2) that they received and concealed liquors so imported; (3) that they conspired to possess liquors unlawfully; and (4) that they possessed liquors contrary to law. To all counts both defendants pleaded not guilty.

The case arose out of a raid upon a boathouse at Longport, New Jersey, under lease to Sheck, in which liquor was found and Camarota and Sheck were discovered. Later, Camarota represented to the United States Attorney that he was at the boathouse for the sole purpose of purchasing liquor for a birthday party. The United States Attorney, being unable to procure evidence which would connect Camarota with Sheck under the conspiracy counts, and not regarding him as the serious offender, suggested that he change his plea from not guilty to "guilty of conspiracy to possess," plainly informing him that under this plea he might be sentenced to imprisonment but promising that he would recommend to the court, as an adequate sentence, a fine of $150 or $200.

Accordingly Camarota withdrew his plea of not guilty and entered the plea suggested. The court deferred sentence until after Sheck had been tried. Ex parte United States, 242 U. S. 27, 46, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. Sheck was tried on February 29, 1924. The jury rendered a verdict convicting him upon two counts and acquitting him under the counts charging conspiracy with Camarota. It is maintained that the inference to be drawn from this verdict is that, if Sheck was innocent of conspiracy, Camarota also was innocent. Camarota, however, stood by his agreement and on March 27, 1924, appeared for sentence. The United States Attorney made the representation to the court which he had promised, but the court (quite correctly), regarding itself not bound by his recommendation, stated that since Camarota entered his plea it had investigated his record with a view to the sentence (as clearly it had a right to do) and had learned that he "is a half-owner in a saloon in Atlantic City and that his brother is interested in some seven or eight saloons"; that these circumstances "indicate there was nothing in his story and everything in the charge to which he pleaded guilty, that is, to land a large quantity of whisky and champagne in violation of law"; that he "was at the place where there was a large quantity of liquor for the sole pur-

pose of facilitating the landing of it"; and that "he had pleaded guilty to the charge." Continuing, the learned trial judge said that "the evidence which comes to me bearing upon that guilt I will consider at the time I impose sentence. I can only regard this man as a serious offender against the laws of the United States." (It is pertinent to note just here that the count to which Camarota had pleaded guilty was not the first count charging conspiracy to receive and conceal liquor unlawfully imported into the United States, but was the third count charging conspiracy to possess liquor; the first being conspiracy to violate the customs laws and the other being conspiracy to violate the National Prohibition Act.) To these accusations of the court Camarota vigorously protested his innocence. Being confronted with the certainty that the sentence about to be imposed upon him would be framed upon information which had come to the court from outside sources and that in consequence he would suffer punishment for an offense charged in a count to which he had not pleaded guilty, Camarota, in alarm, asked leave to withdraw his plea and be allowed to go to trial. The court refused his application and imposed sentence of imprisonment.

[1] We fully realize the many difficulties which trial courts encounter in enforcing the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) and are aware that many exasperating situations which arise are due to the nature of the subject-matter of the law and to the kind of men who violate its provisions. Yet, even these men must be tried and sentenced according to the rules of law applicable in criminal proceedings. In imposing sentences much latitude is accorded trial courts, and with sentences imposed within the terms of the statutes, appellate courts have little or nothing to do. Therefore, we are not concerned with the sentence which the court imposed upon Camarota in this case. We are concerned with its refusal, in the circumstances, to allow him to withdraw his plea of guilty to the third count, enter a plea of not guilty and go to trial.

[2] Concededly, an application of this kind is addressed to the discretion of the trial court. Here again the law allows much latitude. But such discretion, as was early said by Lord Mansfield in the Case of John Wilkes, 4 Burr. pt. IV, 2539, "means sound discretion guided by law. It must be governed by rule, not by humour; it must not be arbitrary, vague, and fanciful, but legal

and regular." Adhering to the same concept, later courts have held that judicial discretion must "be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice." Moody v. Riechow, 38 Wash. 303, 80 P. 461, 462. "It is of the essence of justice not to decide against any one on grounds which are not charged against him, and as to which he has not had an opportunity of offering explanations or calling evidence." O'Rorke v. Bolingbroke, L. R. 2 App. Cas. 834.

[3, 4] We do not think that Camarota would have been entitled to change his plea upon discovering that the trial court was not going to act upon the recommendation of the United States Attorney and impose upon him a light sentence under the count to which he had pleaded guilty. But when the learned trial court said in terms which could not be misunderstood that it was about to impose a sentence based upon information of his guilt of a crime charged in a count to which he had not pleaded guilty, we think justice required that the prisoner should have been allowed to change his plea and go to trial on the whole indictment. Moving cautiously within the limited power of an appellate court to review an act of discretion by a trial court, we are constrained to find that the learned trial court (probably mistaking the count to which the plea had been entered) fell into error, and that for this reason alone the judgment must be reversed and the defendant be given a trial.