## Middleton v. Graves.

(Decided May 24, 1929.)

C. E. RANKIN for appellant.

E. H. GAITHER for appellee.

Opinion of the Court by Commissioner Tinsley—
Affirming.

On September 20, 1927, the appellant, Pearl Middleton, and the appellee, S. H. Graves, entered into a contract in writing whereby, in consideration of the sum of $10,000, $1,000 of which was paid in hand at the time, $4,000 to be paid on execution of a deed conveying good title, and the balance in three equal annual installments, to be evidenced by notes bearing date of the execution and delivery of the deed, Graves sold and agreed to convey, and Middleton purchased of him, a tract of land containing 45 acres situated in Mercer county, Kentucky. On February 16, 1929, appellee, together with his wife, Lillian Graves, executed and tendered to the appellant a deed, with covenant of general warranty, conveying the land in accordance with the terms of the contract. Appellant declined to accept the deed on the ground that appellee's title is defective, whereupon he instituted this action in the Mercer circuit court to require appellant to specifically perform that contract. The chancellor granted the relief sought, and from that judgment this appeal is prosecuted.

The land involved formerly belonged to W. H. Patterson, deceased. By his will, probated in the Mercer

642

county court September 7, 1914, it was devised to his widow, Addie Patterson, for her life, "and at her death to go to my sons, James and William Patterson equally, or to the survivor if either should die without issue." Both sons were then under 21 years of age. Shortly after the will was probated the widow renounced its provisions, and as to this land, took dower in one-third thereof. She also qualified as statutory guardian of the two children. On April 3, 1915, the widow, in her own right and as statutory guardian of her two sons. James and William, instituted an action in the Mercer circuit court against D. H. Patterson, executor of her husband's will, and the two sons, James and William Patterson, for the purpose of selling the land and a division of the proceeds, on the ground that the land could not be divided without materially impairing its value. She asked that the value of her dower in said land be determined and paid to her in money. Under a judgment rendered in that action the land was ordered sold and the value of the widow's dower was fixed at 22.83 per cent., and it was adjudged that of the proceeds arising from the sale that percentage thereof be paid to the widow as the value of her dower, and the remainder should remain in lien upon the land until the two sons arrived at twenty-one years of age, and be then paid to them. Appellee, Graves, purchased the land at this sale for the sum of $9,000, of which sum $2,054.70 was paid to the widow, and $6,945.30 remained a lien upon the land for which the appellant executed five notes, payable to the guardian on June 1, 1916, and June 1st of each year thereafter. Report of that sale was confirmed and the commissioner conveyed the land to appellee, Graves, retaining in the deed a lien to secure the unpaid purchase money. Graves afterwards paid to the guardian all the unpaid purchase money and the following indorsement signed by her, both as guardian and individually, was written on the record of the deed: "The lien retained herein having paid in full, the same are hereby released this February 20, 1917."

On October 30, 1917, appellee, Graves, entered into a written contract with one F. D. Martin by which he sold and agreed to convey to him the land for $11,250. Martin declined to carry out the contract, and on February 2, 1918, Graves instituted suit against him in the Mercer circuit court for specific performance. Martin

defended that action upon the ground that Graves' title to the land was defective, in that the sale and conveyance to Graves were void, and by counterclaim sought damages against Graves for improvements placed by him on the land. Graves filed a demurrer to Martin's answer and counterclaim, which was overruled; Graves declined to plead further, and a judgment was rendered dismissing his petition; the action was continued as to the counterclaim, and at next term of the court was dismissed settled.

'On April 16, 1918, appellee, Graves, instituted an action in the Mercer circuit court against D. H. Patterson and Addie Patterson, executors of W. H. Patterson, deceased, and Addie Patterson, individually and as statutory guardian of James and William Patterson by which he sought to recover of them the purchase money paid by him for the land and to cancel the deed executed to him by the master commissioner, on the ground that the court was without jurisdiction to sell the land and that the deed executed to him was void. By amended petition filed July 27, 1918, he made James and William Patterson parties defendant, and by amended petition, filed December 23, 1919, he alleged that William Patterson, one of the sons, had then become 21 years of age. Shortly thereafter the pleadings in the action became lost, and were not found until June 21, 1926, although the case had been carried regularly on the docket. On that day Graves filed a third amended petition, wherein he alleged that James Patterson had become 21 years of age July 21, 1924, and that when he and his brother, William Patterson, had respectively reached their majority, their mother and statutory guardian settled with and paid to each of them his one-half interest in the purchase money paid by Graves for the land, and that each of the sons had accepted the money so paid, and had released and discharged their guardian from any and all liability to them therefor; that they had each thereby ratified and confirmed the sale of the land made by the master commissioner to him, and that each of them was now estopped from denying the validity of the sale or from making any claim to the land.

On February 3, 1927, the defendants, William Patterson, James Patterson, and Addie Patterson, filed a general demurrer to the third amended petition, which was overruled. Subsequently and on the same day the

court rendered a judgment in that action, in which he found that James and William Patterson were each then more than 21 years of age; that on attaining their majority they had collected and received from their statutory guardian the money due them, arising from the sale of the land to appellee, Graves, and that they had retained that money, and thereby had ratified and confirmed the sale of land to appellee, Graves, and that they were estopped now from denying the validity of the commissioner's deed to Graves, and because of all which the title of the said Graves was then valid. To this judgment the defendants, William Patterson and James and Addie Patterson, excepted and prayed an appeal to this court, but it was never perfected.

On this appeal it is urged by appellant (1) that the estates of each of the two sons in the land was contingent as to one half and a defeasible fee as to the other half; that neither of the sons nor the widow had such a vested estate as could be sold under either section 489 or 490 of the Civil Code, and that the pleadings in the case brought for that purpose show conclusively that the suit was not brought under either section 491 or 491a; (2) that the judgment rendered in the case of Graves v. Martin is in full force and effect, and is conclusive that Graves' title is defective; (3) that the judgment in the case of Graves v. Patterson, etc., is void, in that it granted relief that was not sought nor prayed for by the plaintiff therein.

■ By the will of W. H. Patterson, his two sons, James and William, each took a defeasible fee in one-half of the land, which might be defeated by the death of either of them, at any time, without issue surviving him (Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381; Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977), in which event the survivor would take the whole in fee. If, however, either of them died leaving issue, such issue would take the decedent's share, and, of course, each of the sons was an executory devisee as to the other's estate in the land. However, in view of the conclusions we have reached concerning the judgment in the case of Graves v. Patterson, etc., to be presently referred to, we deem it unnecessary to determine whether the sale and conveyance of the land to Graves under the judgment in the case of Addie Patterson v. D. H. Patterson, etc., was or was not unauthorized.

■ The judgment rendered on the demurrer to the answer and counterclaim in the case of Graves v. Martin, and dismissing the petition, was not res judicata. Neither appellant, nor the widow, nor either son of W. H. Patterson was a party to that action. Harris v. Crowder, 194 Ky. 489, 239 S. W. 788. Nor could it operate as an estoppel against appellee in any subsequent litigation with other parties, for estoppel by judgment is always mutual. Bridges v. McAlister, 106 Ky. 791, 51 S. W. 603, 21 Ky. Law Rep. 428, 45 L. R. A. 800, 90 Am. St. Rep. 267.

■ By the judgment rendered in the case of S. H. Graves v. D. H. Patterson, etc., it was determined that the two sons, William and James Patterson, had theretofore, the one in 1919, and the other in 1924, become 21 years of age; that upon reaching their majority their guardian had settled with and paid to each of them his share of the purchase money paid by Graves for the land; that each had accepted his share and had released his guardian from all liability to it; that they had thereby ratified and approved the sale and conveyance of the land, and were estopped to question the validity of Graves' title. Although relief of that character was not sought, the judgment was not, for that reason, void. Adams Express Co. v. Bradley, 179 Ky. 238, 200 S. W. 340. At most, the judgment was erroneous only, but, until reversed, vacated, or modified in some one of the modes provided by law, it is binding upon the parties to it. Wallace v. Lackey, 173 Ky. 140, 190 S. W. 709; Clark v. Rodes, 12 Bush, 16.

While all the defendants in the action, except D. H. Patterson, one of the executors, were originally proceeded against by warning order, the mother and one of the sons, William Patterson, appeared in the action, filed a motion to require verification of the petition, and then filed a demurrer to it. They subsequently demurred to the second amended petition, and then all of them, including James Patterson, after he had reached his majority, filed a demurrer to the third amended petition. When these demurrers were overruled, neither of them took any further step to contest the claims asserted against them, or to deny the allegations made against them in those pleadings. They had their day in court. It has now been more than two years since the judgment was rendered. No step has been taken to vacate, modify, or reverse it, and it is now too late to do so.

It is urged, however, that, in event either William or James Patterson left issue at his death, such issue would take his estate in the land, and would not be concluded by the judgment. In this counsel is in error. It is a well-established doctrine that contingently interested parties, not in esse at the time of the rendition of the judgment, well be bound by it through the application of what is known as "virtual representation," if there are brought before the court all persons in being who have vested estates, and whose interest in the subject of the litigation is identical with after-born and contingent remaindermen. The interests of William and James Patterson are identical with those of any issue they might have, and they will be presumed to have acted for the protection of the estate, and the judgment against them will bind any issue they may have. Masonic W. & O. Home v. Hieatt Bros., 197 Ky. 301, 247 S. W. 34; Lowe v. Taylor, 222 Ky. 846, 2 S. W. (2d) 1042.

The filing of demurrer by all the defendants to the third amended petition had the effect of entering their appearance to the action. Chaffin v. Fulkerson, 95 Ky. 277, 24 S. W. 1066, 15 Ky. Law Rep. 635. It was not necessary to execute bond required by section 410 of the Civil Code; and, for the same reason, the provisions of section 414 have no application.

Wherefore the judgment is affirmed.